[Civ. No. 32647.   Second Dist., Div. One.   Apr. 26, 1968.]

SAMSON MARKET COMPANY, Petitioner, v. EDWARD J. KIRBY, as Director of the Department of Alcoholic Beverage Control et al., Respondents.

Leslie & Rubin and Lawrence Teplin for Petitioner.

Thomas C. Lynch, Attorney General, and Kenneth Scholtz, Deputy Attorney General, for Respondents.

McCOY, J. pro tem.*—This is a proceeding for a writ of mandate to respondent, the director of the Department of Alcoholic Beverage Control, "to extend the period of time for cancellation of the liquor license of petitioner for a reasonable period of time after such time as the pending accusations against the license are ultimately determined, or until such time as the Department consents to the transfer of said license to other persons." Upon the filing of this petition we issued our alternative writ to determine whether this court or the superior court has jurisdiction to grant the relief petitioner seeks.

Prior to July 25, 1967, petitioner held an off-sale general license for the sale of alcoholic beverages on the premises at 6656 Sunset Boulevard in Los Angeles. On July 31, 1967, the lease for the premises expired and the landlord refused to renew the lease. Accordingly, on July 25, as required by California Administrative Code, title 4, rule 65(a), petitioner surrendered its license to the department.

Rule 65(d), California Administrative Code, title 4, reads: "Any license voluntarily surrendered under subsection (a) of this rule shall be cancelled if it is not transferred to another person or for use at another premises, or redelivered and the licensed activity resumed, within six months from the date of such surrender unless the period is extended by action of the department." Under this rule the license was subject to cancellation at any time after January 25, 1968. By the declaration of the principal counsel for the department filed February 21, 1968, one week before oral argument, we were informed that the department "has not extended the surren-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

der [*sic*] period as to said license," and that "the Department, in light of the pending litigation in the above-entitled matter, intends to retain the status quo as to said license during the pendency of said litigation before the Court of Appeal of the State of California, Second Appellate District, Division One."

On December 13, 1967, petitioner opened an escrow for the sale of its license to one Pellerin to conduct a liquor business in Covina. On the same day, by letter, petitioner requested the department pursuant to rule 65(d) to extend the time for cancellation of the license for a period of ninety days from January 6, 1968, in order to allow the proposed sale to take place and afford the department an opportunity to consent to the transfer. On December 21 the department informed petitioner by letter that its request for extension of the time for cancellation "is denied. We must also remind you that a license cannot transfer to other persons while there are pending accusations against the license. We must further caution you that licenses surrendered pursuant to Rule 65 must be reactivated prior to the termination of the six (6) month period provided or be subject to cancellation." On January 9, 1968, when the present petition was filed three matters were pending before the Alcoholic Beverage Control Appeals Board; (1) the department's decision of July 28, 1966, ordering the license suspended for ninety days; (2) the department's decision of July 1, 1966, ordering the license revoked; and (3) the department's decision of October 9, 1967, ordering the license revoked.

The petition now before us was filed January 9, 1968. One week before that, on January 2, 1968, petitioner sought and obtained an alternative writ of mandate and a stay order from the Superior Court for Los Angeles County in action number 924160, entitled Samson Market Company v. Kirby, basing its petition therein on the facts alleged in the petition herein. That alternative writ was returnable before the superior court on January 22, 1968. We have been advised by the Attorney General that on February 5, 1968, that proceeding was placed off calendar for lack of jurisdiction, the court having been informed of the pendency of this proceeding. On January 19, 1968, petitioner again requested the department to extend the time for the cancellation of the license until the pending accusations against the license were resolved, or until the department consented to a transfer of the license to a third party. By letter dated January 30, 1968, petitioner was

advised by the department that it would not grant the extension.

The primary question raised by the pleadings goes to the jurisdiction of this court. The question arises by reason of the provisions of section 23090.5 of the Business and Professions Code enacted in 1967, which became effective November 8 in that year. Unless otherwise indicated, all code references in this opinion are to the relevant sections of the Business and Professions Code.[1] Petitioner here seeks a writ of mandate to compel the director to grant an extension of time under rule 65 within which the license may be cancelled. Both parties agree that the issues framed by the pleadings will not justify the issuance of a writ of review under section 23090, but that any relief which may be granted can only be by a writ of mandate.[2] Petitioner earnestly contends that such relief may be granted by this court under the provisions of section 23090.5.

Section 23090.5 reads: "No court of this state, except the

---

[1] It is apparent from the record that petitioner filed its action in the superior court and its petition in this court because it was in doubt as to which court had jurisdiction to grant the relief which it sought. It is equally apparent that the Attorney General, appearing on behalf of the respondents, has also had some doubt as to which court has jurisdiction. In his initial points and authorities filed in support of the answer to the petition, the Attorney General says: "Respondents are in agreement with the position taken by appellant [petitioner] respecting jurisdiction to hear this case. Respondents believe that the additions to the Business and Professions Code respecting judicial review of decisions of the Alcoholic Beverage Control Appeals Board (Bus. & Prof. Code, §§ 23090-23090.7) were intended only to apply to decisions of a judicial nature after a formal hearing and not to ministerial acts reviewable by ordinary mandamus under section 1085 of the Code of Civil Procedure or to actions in the nature of declaratory relief to test the validity of an administrative regulation under section 1060 of the Code of Civil Procedure or section 11440 of the Government Code." In his supplemental points and authorities filed a month later the Attorney General states that "After further consideration of the authorities, respondents feel compelled to reverse [its] position insofar as interpretation of section 23090.5 is concerned."

[2] As the Attorney General points out in his supplemental points and authorities: "[A] writ of review, or writ of certiorari, may be issued only to review judicial functions. Witkin, Cal. *Procedure* (1954) p. 2491; *Standard Oil Co. v. State Board of Equalization* 6 Cal.2d 557, 559 [59 P.2d 119] (1936); *Department of Public Works v. Superior Court* 197 Cal. 215, 221 [239 P. 1076] (1925); *Cf. Camron v. Kenfield* 57 Cal. 550, 554 (1881). Admittedly, the Department of Alcoholic Beverage Control is vested with limited judicial power by Article XX, section 22, of the Constitution. *Covert v. State Board of Equalization* 29 Cal.2d 125, 131 [173 P.2d 545] (1946). However, the petition is not concerned with a judicial decision of the department." (See also *Quinchard v. Board of Trustees*, 113 Cal. 664, 668-671 [45 P. 856]; *Martin.v. Alcoholic Beverage etc. Appeals Board*, 52 Cal.2d 238 [340 P.2d 1]; *Reimel v. Alcoholic Beverage Control Appeals Board*, 255 Cal.App.2d 40, 43 [62 Cal.Rptr. 778].)

Supreme Court and the courts of appeal to the extent specified in this article, shall have jurisdiction to review, affirm, reverse, correct, or annul any order, rule, or decision of the department or to suspend, stay, or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the department in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case.'' This section is a part of article 5 of chapter 1.5, division 9 of the Business and Professions Code relating to the administration of the Department of Alcoholic Beverage Control. Article 5 was added to the code in its entirety in 1967.

As we have seen, sections 23090 through 23090.4 establish a new procedure for the review of ''a final order of the board'' in a case involving the exercise of the limited judicial powers of the department. We conclude, therefore, that in enacting section 23090.5, the Legislature did not intend to establish an alternative procedure for judicial review of such orders or decisions even though section 23090.5 relates to the power of the courts to ''review, affirm, reverse, correct, or annul any order . . . or decision of the department.'' As we read section 23090.5, the Legislature intended thereby to provide for judicial review of the orders, rules or decisions or other acts of the department in the performance of its duties when acting in its administrative rather than in its limited judicial capacity. As to such matters the section provides that ''a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case.''

Although we have no recorded legislative history of sections 23090 through 23090.7, it appears, as pointed out by the Attorney General, that the language of sections 23090 through 23096 was based on the provisions of sections 5950 through 5956 of the Labor Code relating to judicial review of orders, decisions. etc., of the Workmen's Compensation Appeals Board. Thus, section 5950 of the Labor Code provides for a writ of review to be issued by the Supreme Court or the appropriate court of appeal ''for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or the order, decision, or award following reconsideration'' by the Workmen's Compensation Appeals Board. This, of course, is comparable to the provisions of section 23090 of the Business and Professions Code. Section 5955 of the Labor Code as amended in 1967 (Stats. 1967, ch. 17, § 104) reads: ''No court of this state, except the Supreme

Court and the courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision or award of the appeals board, or to suspend or delay the operation or execution thereof, or to restrain, enjoin or interfere with the appeals board in the performance of its duties but a writ of mandate shall lie from the Supreme Court or a court of appeal in all proper cases." In *Loustalot* v. *Superior Court,* 30 Cal.2d 905, the court said (p. 911 [186 P.2d 673]) that the legislative history of section 5955 of the Labor Code "shows without question that section 67 of the Public Utilities Act provided the model for section 5955 and that the decisions interpreting section 67 are likewise applicable thereto."[3] Similarly the decisions interpreting section 5955 of the Labor Code are applicable in interpreting section 23090.5 of the Business and Professions Code.

In *Loustalot* v. *Superior Court, supra,* 30 Cal.2d at pp. 911-912, the court, after reviewing the decisions interpreting section 67 of the former Public Utilities Act, said: "It is thus settled that a superior court has 'no jurisdiction directly or indirectly to overrule an order of the railroad commission. The power to reverse, review, correct or annul orders of that commission rests solely in the Supreme Court (sec. 67 of the Public Utilities Act, *supra*) and the superior court is without jurisdiction in the premises.' (*Wallace Ranch W. Co.* v. *Foothill D. Co., supra,* at p. 121 [5 Cal.2d 103, (53 P.2d 929)].) 'Even though the order by the railroad commission be palpably erroneous in point of law, until some order by the Supreme Court may be issued to the contrary, the original order of the commission must stand as a proper and legal order in the premises. . . . Such being the state of the law, it would follow that, as is provided by the act itself, the only relief which the aggrieved party may have from such an order is by or through a writ issued by the Supreme Court.' (*People* v. *Hadley, supra,* at p. 375 [66 Cal.App. 370 (226 P. 836)].)" Likewise, continued the court, "an order of the

[3]Section 67 of the Public Utilities Act of 1911 (Stats. Ex. Sess. 1911, p. 55; reenacted in Stats. 1915, p. 161) to which the court referred in *Loustalot* v. *Superior Court,* 30 Cal.2d 905 [186 P.2d 673], reads: "No court of this state (except the supreme court to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties; *provided* that the writ of mandamus shall lie from the supreme court to the commission in all proper cases." The provisions of section 67 of the former Public Utilities Act are now found in Public Utilities Code, section 1759.

Industrial Accident Commission, even though erroneous, may not be reviewed or annulled by the superior court and must stand as a proper and legal order until reversed by this court or a District Court of Appeal. The only relief afforded the aggrieved party is a writ by this court or a District Court of Appeal.''

Specifically the court held in *Loustalot* that, by reason of the provisions of section 5955 of the Labor Code, the superior court did not have jurisdiction in a habeas proceeding to review a decision of the Industrial Accident Commission adjudging a party guilty of contempt of the commission. ''By granting a petition for habeas corpus, the superior court clearly interferes with the operation of the commission's order. Moreover, if the superior court discharged defendant, that decision would have the effect of annulling the commission's order. . . . Certainly, the superior courts were not meant to have jurisdiction to determine finally the legality of such an order. Any such interference with an order of the commission must be considered an 'encumbrance' on the administration of the workmen's compensation laws, within the power of the Legislature to prohibit. The defendant, if unlawfully imprisoned, is not denied an adequate remedy, but must seek relief in an appellate court having jurisdiction to review or annul the order in question.'' In *Greitz* v. *Sivachenko*, 152 Cal.App.2d 849 [313 P.2d 922], the court followed *Loustalot* in holding that the superior court had no jurisdiction to stay the entry of judgment by the clerk of the superior court upon an award of the Industrial Accident Commission pursuant to section 5806 of the Labor Code.

The decision in *Loustalot* was also followed in *Pacific Tel. & Tel. Co.* v. *Superior Court*, 60 Cal.2d 426 [34 Cal.Rptr. 673, 386 P.2d 233], in holding that by reason of section 1759 of the Public Utilities Code the superior court does not have any jurisdiction to pass upon the validity or reasonableness of decisions of the Public Utilities Commission. In that case the commission, without a hearing, had disconnected a subscriber's telephones, purporting to act on an earlier decision prescribing rules relating to the discontinuance of telephone service when it had cause to believe that the service was being used as an instrumentality to violate or to aid and abet the violation of law. (See also *People* v. *Superior Court*, 62 Cal.2d 515 [42 Cal.Rptr. 849, 399 P.2d 385], where the court held that section 1759 of the Public Utilities Code precludes the superior court from adjudicating the very issues that would

necessarily be presented to the commission in certain proceedings then pending before it.)

We conclude that, by reason of section 23090.5 of the Business and Professions Code, this court has jurisdiction to grant the relief petitioner seeks by a writ of mandate and that the superior court has no jurisdiction to grant such relief. We turn, then, to a consideration of the petition on the merits.

■ Petitioner earnestly contends that a cancellation of its license pursuant to rule 65(d) would be unconstitutional and in excess of the department's jurisdiction. No authorities are cited in support of this contention.

There is no merit in petitioner's contention. The power of the department to adopt a rule such as rule 65 is derived from article XX, section 22, of the Constitution and section 25750 of the Business and Professions Code. The power of the department to adopt rules such as rule 65 and to interpret them cannot be questioned, so long as the agency, under the guise of its rule making power, does not abridge or enlarge its authority or exceed the powers given to it by the statute. (*California Drive-In Restaurant Assn.* v. *Clark*, 22 Cal.2d 287 [140 P.2d 657, 147 A.L.R. 1028]; *Joseph George, Distributor* v. *Department of Alcoholic etc. Control*, 149 Cal.App.2d 702, 706-707 [308 P.2d 773].) As the court said in *Bank of Italy* v. *Johnson*, 200 Cal. 1, 20 [251 P. 784], quoted with approval in *California Drive-In Restaurant Assn.* v. *Clark*, *supra*, at page 303, " 'the authority of an administrative board or officer, . . . to adopt reasonable rules and regulations which are deemed necessary to the due and efficient exercise of the powers expressly granted cannot be questioned. This authority is implied from the power granted.' "[4]

In adopting rule 65 the department did not exceed the powers given to it by article XX, section 22, of the Constitution, or by section 25750 of the code, nor did it thereby seek to abridge or enlarge its authority. In our opinion rule 65 is constitutional.

■ Petitioner further contends that in failing to grant an extension of time within which its license may be cancelled

---

[4]See also Business and Professions Code, section 23820, which authorizes the department to "make all rules consistent with the provisions of Section 22 of Article XX of the Constitution, or the provisions of this division, necessary to carry into effect the provisions of this article [§§ 23815-23825, limiting the number of licensed premises], and to restrict the issuance of alcoholic beverage licenses, . . . to such number in any county as the department shall determine is in the interest of public welfare and morals, convenience, or necessity."

under rule 65(d), and in refusing to consent to a transfer of the license to a bona fide purchaser while several disciplinary actions are pending against the license, the department has acted in a capricious, unjust and arbitrary manner since, without cause or justification, petitioner's license will be revoked and cancelled without any fault on its part. Petitioner acknowledges that, as of the time it filed its petition, three disciplinary actions were pending before the department. If, says petitioner, it "awaits the results of the pending accusations, and if petitioner is successful in the pending accusations, its victory will be a hollow victory since petitioner will no longer have a license." (Petn. p. 6, lines 8-11.)

The controlling facts are summarized at the outset of this opinion. We find nothing in the showing made by petitioner to support its contention. In deciding whether a particular application with respect to a liquor license should be granted, the department has been granted a broad range of power and discretion. In such cases "The courts will permit the Department to work out its problems with as little judicial interference as possible, and an abuse of discretion must appear very clearly before the courts will interfere. (*Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal. 238, at p. 248 [340 P.2d 1].)" (*Harris* v. *Alcoholic Beverage etc. Appeals Board,* 238 Cal.App.2d 24, 28 [47 Cal.Rptr. 424].) The petitioner here has not made out a case for judicial interference with the decisions of the department of which it complains.

The petition for a peremptory writ of mandate is denied.

Wood, P. J., and Lillie, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 19, 1968. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.