[Civ. No. 9282. Fourth Dist., Div. Two. Dec. 10, 1968.]

DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; KATHERINE M. MUMFORD et al., Real Parties in Interest.

Thomas C. Lynch, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

William A. Dougherty for Real Parties in Interest.

TAMURA, J.—Petitioner (Department) seeks a writ of prohibition directing the superior court to vacate an order staying enforcement of a liquor license suspension order issued by the Department.

The following events led to the filing of the present petition:

The Department, after notice and hearing, found that the Mumfords (real parties in interest herein) had violated certain provisions of the Alcoholic Beverage Control Act (Act) relating to the sale of liquor to minors and ordered a 10-day license suspension.[1] Following affirmance of the decision by the Alcoholic Beverage Control Appeals Board (Board), the Mumfords sought a writ of review from this court. The application for the writ was denied on the ground that it was not timely filed, more than 30 days having elapsed since the filing of the final order of the Board.[2] (4th Civil No. 9259.) Thereafter the Mumfords filed a petition for writ of mandate in the

---

[1]The Department found that on September 10, 1966, the Mumfords committed three violations of the Act in selling alcoholic beverage to a minor, permitting the minor to consume the same, and permitting him to remain on the premises. The Department imposed a 10-day suspension for each violation but ordered the suspensions to run concurrently.

[2]Section 23090 of the Business and Professions Code provides: "Any person affected by a final order of the board, including the department may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which the proceeding arose, for a writ of review of such final order. The application for writ of review shall be made within 30 days after filing of the final order of the board."

Superior Court in Orange County seeking the same relief sought from this court. In response to a "writ of mandate and order to show cause" and a stay order, the Department filed a demurrer challenging the jurisdiction of the superior court. Following hearing on the order to show cause, the court dismissed the petition and dissolved the stay order. The Mumfords thereupon obtained an *ex parte* order, from another judge of the same superior court, restraining the Department from enforcing its suspension order pending an appeal from the order dismissing the petition for writ of mandate. It is that stay order which the Department seeks to have vacated by the present petition for writ of prohibition.

The superior court was without jurisdiction to review the final order of the Board or to stay enforcement of the suspension order.

Prior to the 1967 amendments to the Act (Stats. 1967, ch. 1525), superior courts had jurisdiction to review decisions of the Department and orders of the Board. (*Martin* v. *Alcoholic Bev. etc. Appeals Board,* 52 Cal.2d 238, 245 [340 P.2d 1]; *Koehn* v. *State Board of Equalization,* 166 Cal.App.2d 109, 118 [333 P.2d 125].) In 1967 the Legislature established a new procedure for judicial review. It enacted section 23089[3] which provides that "[f]inal orders of the board may be reviewed by the courts specified in Article 5 (commencing with § 23090) of this chapter within the time and in the manner therein specified *and not otherwise*" [italics supplied], and enacted a new article 5. The review specified in section 23090 is for an application for writ of review to the Supreme Court or to the Court of Appeal for the appellate district in which the proceeding arose, such application to be made within 30 days after the filing of the final order of the Board. Also included as a part of the new article 5 is section 23090.5 which provides: "No court of this state, except the Supreme Court and the courts of appeal to the extent specified in this article, shall have jurisdiction to review, affirm, reverse, correct, or annul any order, rule, or decision of the department or to suspend, stay or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the department in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case."

[3] All references are to the Business and Professions Code unless specifically indicated otherwise.

Sections 23089 and 23090 were obviously patterned after sections 5810 and 5950 of the Labor Code relating to judicial review in compensation proceedings.[4] Cases construing the Labor Code sections are applicable to the construction of their counterparts in the Alcoholic Beverage Control Act. (*Samson Market Co.* v. *Kirby,* 261 Cal.App.2d 577, 582 [68 Cal. Rptr. 130].) Section 5810 of the Labor Code has been construed as precluding judicial review of decisions in compensation proceedings except by the courts designated in section 5955 of the Labor Code. (*Thaxter* v. *Finn,* 178 Cal. 270, 274-275 [173 P. 163], construing former sections 27 and 84 of the Workmen's Compensation Insurance and Safety Act of 1913; see *Loustalot* v. *Superior Court,* 30 Cal.2d 905, 909-910 [186 P.2d 673].) Thus, by the 1967 amendments to the Act, the Legislature has limited judicial review of decisions or orders of the Department involving the exercise of its limited judicial powers to the courts and within the time specified in section 23090. Of course, a prerequisite to such review is the exhaustion of the remedy provided by section 22, article XX of the Constitution by an appeal to the Board.

Section 23590.5 was also obviously modeled after section 5955 of the Labor Code,[5] which in turn was modeled after section 67 of the Public Utilities Act of 1911.[6] (*Loustalot* v.

---

[4]Section 5810, Labor Code, provides: "The orders, findings, decisions, or awards of the appeals board made and entered under this division may be reviewed by the courts specified in Sections 5950 to 5956 within the time and in the manner therein specified and not otherwise."

Section 5950, Labor Code, provides: "Any person affected by an order, decision, or award of the appeals board may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which he resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the original order, decision, or award or of the order, decision, or award following reconsideration. The application for writ of review must be made within 30 days after a petition for reconsideration is denied, or, if a petition is granted or reconsideration is had on the appeal board's own motion, within 30 days after the filing of the order, decision, or award following reconsideration."

[5]Section 5955 of the Labor Code provides in part: "No court of this state, except the Supreme Court and the courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the appeals board, or to suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the appeals board in the performance of its duties. . . ."

[6]Section 67 of the Public Utilities Act of 1911 [citations] is now codified as section 1759 of the Public Utilities Code which provides: "No court of this State, except the Supreme Court to the extent specified in this article, shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission or to suspend or delay the

*Superior Court, supra,* 30 Cal.2d 905, 911; *Samson Market Co.*
v. *Kirby, supra,* 261 Cal.App.2d 577, 582.) Section 5955 of
the Labor Code has been construed as depriving the superior
court of jurisdiction to review or interfere with the operation
of any order of the Industrial Accident Commission (*Lousta-
lot* v. *Superior Court, supra,* 30 Cal.2d 905, 910), including
jurisdiction to stay enforcement of a commission award
(*Pizarro* v. *Superior Court,* 254 Cal.App.2d 416, 418-419 [61
Cal.Rptr. 923]; *Vickich* v. *Superior Court,* 105 Cal.App. 587,
592 [288 P. 127].)

In the case under review, the departmental decision which
the Mumfords sought to have reviewed involved the exercise
of quasi-judicial or adjudicative power conferred upon the
Department by the Constitution. (*Covert* v. *State Board of
Equalization,* 29 Cal.2d 125, 131 [173 P.2d 545].) The Mum-
fords having failed to seek judicial review under section
23090 within the time therein specified, the decision of the
Department must stand. Irrespective of the merits of the
Mumfords' attack upon that decision, the superior court was
without jurisdiction to review it. (Cf. *Loustalot* v. *Superior
Court, supra,* 30 Cal.2d 905, 912; *North Pac. S.S. Co.* v. *Soley,*
193 Cal. 138, 140 [223 P. 462]; *Thaxter* v. *Finn, supra,* 178
Cal. 270; see *United States Pipe & Foundry Co.* v. *Industrial
Acc. Com.,* 201 Cal.App.2d 545, 549-550 [20 Cal.Rptr. 395].)
And by virtue of section 23090.5, the superior court was with-
out jurisdiction to stay the enforcement of the suspension
order. (Cf. *Loustalot* v. *Superior Court, supra,* p. 913.) The
only courts empowered to stay such an order are the courts to
which an application for a writ of review could have been
made. (§ 23090.6.[7])

Although the 1967 amendments to the Act thus
clearly divested superior courts of jurisdiction to review or
stay the operation of a decision of the Department, the Mum-
fords contend that the amendments are unconstitutional, pre-
sumably on the theory that they constitute an unauthorized

execution or operation thereof, or to enjoin, restrain, or interfere with
the commission in the performance of its official duties, except that the
writ of mandamus shall lie from the Supreme Court to the commission
in all proper cases.''

[7]Section 23090.6 provides: ''The filing of a petition for, or the
pendency of, a writ of review shall not of itself stay or suspend the
operation of any order, rule, or decision of the department, but the court
before which the petition is filed may stay or suspend, in whole or in
part, the operation of the order, rule, or decision of the department sub-
ject to review, upon the terms and conditions which it by order directs.''

72

legislative attempt to curtail the constitutional jurisdiction of the superior courts.[8] To our knowledge, that issue has never been determined. In *Samson Market Co.* v. *Kirby, supra,* 261 Cal.App.2d 577, 582, the court held that section 23090.5 precluded superior courts from reviewing the validity of an administrative determination, as distinguished from a quasi-judicial decison of the Department, but did not pass upon the constitutionality of the section.

The Supreme Court has held that the enactment of section 67 of the Public Utilities Act of 1911 divesting superior courts of jurisdiction to review or interfere with decisions of the Railroad Commission was a valid exercise of the power conferred on the Legislature by article XII, section 22, of the Constitution. (*Pacific Tel. etc. Co.* v. *Eshleman,* 166 Cal. 640, 658-659 [137 P. 1119, Ann. Cas. 1915C 822, 50 L.R.A. N.S. 652]; see *Loustalot* v. *Superior Court, supra,* 30 Cal.2d 905, 911.) In *Pacific Tel. etc. Co.* v. *Eshleman, supra,* pp. 653-656, the court concluded that legislative power to designate the Supreme Court as the only judicial tribunal empowered to review decisions of the Railroad Commission was to be found in the language of article XII, section 22, of the Constitution, providing that "the authority of the Legislature to confer such additional powers [upon the Commission] is expressly declared to be plenary and unlimited by any provision of this Constitution."

The existence of legislative power under article XX, section 21, of the Constitution to limit judicial review of Industrial Accident Commission decisions to the appellate courts specified by the Legislature has also been confirmed. (*Thaxter* v. *Finn, supra,* 178 Cal. 270, 275; *North Pac. S.S. Co.* v. *Soley, supra,* 193 Cal. 138, 141.) In *Thaxter* v. *Finn, supra,* 178 Cal. 270, 275, the court held that legislative authority to render commission awards free from review or attack except as provided in the Workmen's Compensation Insurance and Safety Act could be reasonably implied from its power " 'to provide for the settlement of any disputes arising under the legislation contemplated by this section, . . . anything in this

[8]Article VI, section 10, of the Constitution provides: "The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings. Those courts also have original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition.

"Superior courts have original jurisdiction in all causes except those given by statute to other trial courts."

constitution to the contrary notwithstanding.'"[9] The statutory limitation on judicial review was held to be a reasonable exercise of legislative authority in that it expedited final dispositon of cases while preserving to any aggrieved party ample opportunity for review by the designated courts.

While the authority conferred upon the Legislature by article XX, section 22, (Alcoholic Beverages) is not in terms as sweeping as that conferred upon it by article XII, section 22, (Public Utilities), or as general as in former article XX, section 21 (Workmen's Compensation), its powers under the section, subject to certain specific limitations, are nevertheless comprehensive. (*Allied Properties* v. *Department of Alcoholic Beverage Control*, 53 Cal.2d 141, 147 [346 P.2d 737]; *Sandelin* v. *Collins*, 1 Cal.2d 147, 153 [33 P.2d 109, 93 A.L.R. 956].) The first paragraph of section 22 provides that the state, and hence the Legislature, "shall have the exclusive right and power to license and regulate the manufacture, sale, purchase, possession and transportation of alcoholic beverages within the State . . ." subject to the limitations therein provided. The second paragraph provides that "[a]ll alcoholic beverages may be bought, sold, served, consumed and otherwise disposed of in premises which shall be licensed as provided by the Legislature" and authorizes the Legislature to provide for the issuance of licenses to certain types of premises. The fifth paragraph provides that the Department "shall have the exclusive power, except as herein provided and in accordance with laws enacted by the Legislature". to license the manufacture, importation and sale of alcoholic beverages in this state. The seventh paragraph relating to appeals to the Board from a decision of the Department provides that "the board shall review the decision subject to such limitations as may be imposed by the Legislature," prescribes the "scope of review" by the Board, and concludes with the sentence: "Orders of the board shall be subject to judicial

---

[9] Article XX, section 21, of the Constitution as adopted on October 10, 1911, and as in force when *Thaxter* v. *Finn*, *supra*, 178 Cal. 270, was decided read:

"The legislature may by appropriate legislation create and enforce a liability on the part of all employers to compensate their employees for any injury incurred by the said employees in the course of their employment irrespective of the fault of either party. The legislature may provide for the settlement of any disputes arising under the legislation contemplated by this section, by arbitration, or by an industrial accident board, by the courts, or by either any or all of these agencies, anything in this constitution to the contrary notwithstanding."

review upon petition of the director or any party aggrieved by such order.'' The thirteenth paragraph provides that ''[a]ll constitutional provisions and laws inconsistent'' with the section are repealed and the fourteenth paragraph that the provisions of the section are self-executing, ''but nothing herein shall prohibit the Legislature from enacting laws implementing and not inconsistent'' with the section.

It has been repeatedly declared that every intendment is in favor of the constitutionality of a legislative act. (*Eye Dog Foundation* v. *State Board of Guide Dogs for the Blind,* 67 Cal.2d 536, 544 [63 Cal.Rptr. 21, 432 P.2d 717]; *Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 460 [202 P.2d 38, 7 A.L.R.2d 990]; see *Wilke & Holzheiser, Inc.* v. *Department of Alcoholic Beverage Control,* 65 Cal.2d 349, 359-360 [55 Cal. Rptr. 23, 420 P.2d 735].) As a corollary to that doctrine, it is also settled that when a constitutional provision is susceptible to more than one reasonable interpretation, the construction placed upon it by the Legislature is of persuasive significance. (*Lundberg* v. *County of Alameda,* 46 Cal.2d 644, 652 [298 P.2d 1]; *Reynolds* v. *State Board of Equalization,* 29 Cal.2d 137, 140 [173 P.2d 551, 174 P.2d 4]; *Delaney* v. *Lowery,* 25 Cal.2d 561, 569 [154 P.2d 674]; *Pacific Indem. Co.* v. *Industrial Acc. Com.,* 215 Cal. 461, 464 [11 P.2d 1, 82 A.L.R. 1170]; see *County of Madera* v. *Gendron,* 59 Cal.2d 798, 802-803 [31 Cal.Rptr. 302, 382 P.2d 342, 6 A.L.R.3d 555].)

The broad powers granted to the Legislature under article XX, section 22, including the express power to enact laws implementing the section, provide ample legislative authority for the enactment of the 1967 amendment in question. Even in the absence of express authority to act, the Legislature has implied authority to enact legislation in aid of a self-executing provision of the Constitution provided such legislation does not impair or place an unreasonable burden on the exercise of the rights granted by the Constitution. (*Chesney* v. *Bryam,* 15 Cal.2d 460, 463 [101 P.2d 1106]; *Vinricombe* v. *State of California,* 172 Cal.App.2d 54, 57 [341 P.2d 705]; *Chester* v. *Hall,* 55 Cal.App. 611, 616 [204 P. 237].) While article XX, section 22, provides that ''orders of the board shall be subject to judicial review upon petition of the director or any party aggrieved,'' it does not specify the court in which review is to be obtained nor the procedure therefor. The enactment of the amendments in question merely constitutes a reasonable exercise of the express legisla-

tive authority to implement or carry out the constitutional provision. (See *Delaney* v. *Lowery, supra,* 25 Cal.2d 561, 569.)

Nor do the new provisions on judicial review burden or impair the right of an aggrieved party to obtain the judicial review guaranteed by section 22 of article XX. The power of the Board to review decisions of the Department has been held to be no greater than that exercised by the courts in reviewing determinations of an administrative agency exercising limited judicial powers (*Martin* v. *Alcoholic Beverage etc. Appeals Board,* 52 Cal.2d 287, 291 [341 P.2d 296]; *Martin* v. *Alcoholic Beverage etc. Appeals Board, supra,* 52 Cal.2d 238, 246, 249), and the scope of review of decisions of the Department by the superior courts and Courts of Appeal has been held to be the same as that exercised by the Board (*Reimel* v. *Alcoholic Beverage etc. Appeals Board,* 255 Cal.App.2d 40, 43 [62 Cal.Rptr. 778]; *Harris* v. *Alcoholic Beverage etc. Appeals Board,* 212 Cal.App.2d 106, 113 [28 Cal.Rptr. 74]; see *Covert* v. *State Board of Equalization, supra,* 29 Cal.2d 125, 132). Consequently, prior to the 1967 amendments, the law provided for review at three successive levels, the scope of review being the same at each level. (*Harris* v. *Alcoholic Beverage etc. Appeals Board, supra,* 212 Cal.App.2d 106, 113.) Clearly the elimination of review by the superior court did not result in the impairment of the right of judicial review granted by section 22 of article XX.

We conclude that the 1967 amendments to the Act divesting the superior courts of jurisdiction to review decisions or orders of the Board or Department or to interfere with the operation or execution of such decisions or orders are constitutional.

 The Mumfords' contention that the application of the revised judicial review procedure to the decision of the Department in the instant case would constitute an unconstitutional retrospective application of the statute is without merit. The 1967 amendments became effective on November 8, 1967. Although the alleged violations of the Act with which the Mumfords were charged occurred in 1966, administrative remedies were not exhausted until the Board filed its final order on May 8, 1968. Thus, by the time the right to judicial review matured, the amendments had been in effect for six months. The licensees had no vested right to have the jurisdiction of the courts limited as it was when the violations occurred. (*Owens* v. *Superior Court,* 52 Cal.2d 822, 833 [345

P.2d 921, 78 A.L.R.2d 388].) The new procedures on judicial review clearly governed review of the departmental decision in question. A statute affecting procedure or providing a new remedy for the enforcement of existing rights is properly applicable to actions pending when the statute becomes effective, provided that vested rights are not thereby impaired. (*Sour* v. *Superior Court,* 1 Cal.2d 542, 544-545 [36 P.2d 373]; *San Bernardino County* v. *Industrial Acc. Com.,* 217 Cal. 618, 629 [20 P.2d 673]; *Church* v. *County of Humboldt,* 248 Cal. App.2d 855, 857 [57 Cal.Rptr. 79]; *California Emp. etc. Com.* v. *Smileage Co.,* 68 Cal.App.2d 249, 252 [156 P.2d 454].) In the present case, application of the amendments involved no impairment of the licensees' right to judicial review nor a denial of an opportunity to take advantage of the benefit of the revised procedures.

Let the peremptory writ of prohibition issue.

McCabe, P. J., and Fogg, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.