[No. D015010. Fourth Dist., Div. One. Nov. 13, 1992.]

AMERICAN DRUG STORES, INC., Plaintiff and Appellant, v.
JAY STROH, as Director, etc., Defendant and Respondent.

**COUNSEL**

Donahue, Gallagher, Thomas & Woods, John F. Kraetzer, Renee D. Wasserman, Hinman & Carmichael, John A. Hinman and Lynne A. Carmichael for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Respondent.

## Opinion

**FROEHLICH, J.**—Business and Professions Code[1] section 23090 et seq. provides that the Supreme Court and the Courts of Appeal have exclusive jurisdiction to review orders or decisions of the Department of Alcoholic Beverage Control (the ABC) which impose penalties on liquor licensees. This appeal presents a single question: May a liquor licensee, threatened with suspension or revocation of its license, avoid the statutory limitations on judicial review of disciplinary actions if the licensee files a declaratory relief action in superior court before the ABC has acted on the disciplinary action? The trial court concluded, and we agree, that the statutory limitations on judicial review cannot be circumvented by a "race to the court house." We will affirm.

## I. Factual and Procedural Background

### A. *Facts*

Because this appeal is from a judgment sustaining a demurrer without leave to amend, we accept as true the facts as alleged in the complaint. Appellant, American Drug Stores, Inc., is the holder of a liquor license from the ABC and operates SAVON Drugs, a retail store in El Cajon at which alcoholic beverages are sold. The ABC has accused appellant of selling alcoholic beverages to minors in violation of article XX, section 22 of the California Constitution, which prohibits the sale of such beverages to anyone under the age of 21. The alleged sales occurred on October 30, 1990, and December 17, 1990. The ABC, in conjunction with local police departments, operates "sting" operations in which it uses minors as decoys to purchase alcoholic beverages from licensees. The alleged sales were made during a sting operation in which minors acted as undercover agents in cooperation with the El Cajon police. As a result of the unlawful sales, appellant is in jeopardy of suspension or revocation of its license.

### B. *The Complaint and Demurrer*

Appellant filed a complaint for declaratory and injunctive relief, along with a motion for a preliminary injunction, seeking to prevent the ABC from imposing any penalties based on the results of the sting operation. Appellant contended the sting operation itself violated the constitutional prohibition against selling alcoholic beverages to a minor or purchasing of same by a minor. Because the ABC's activity itself violated constitutional principles,

---

[1]All statutory references are to the Business and Professions Code unless otherwise specified.

appellant argued that the sting operation should not be permitted to serve as the basis for ABC's disciplinary action, and further that the ABC should be enjoined from taking disciplinary action based upon sting operations.

The ABC demurred to the complaint on the ground that the superior court lacked jurisdiction to entertain the complaint or grant the requested relief. The ABC relied upon section 23090.5, which provides that only the Supreme Court and the Courts of Appeal have jurisdiction to interfere with the ABC in the performance of its duties. Appellant opposed the demurrer, claiming the exclusivity provisions of section 23090.5 apply only to actions attacking the validity of an "order, rule, or decision" of the ABC. Appellant argued that because no order had yet been issued, and because its action sought only a declaration rendering the sting operation invalid, the superior court had jurisdiction.

### C. *The Trial Court's Ruling*

The trial court sustained the ABC's demurrer without leave to amend. In its statement of decision the court noted that section 23090.5 on its face divested the superior courts of jurisdiction to "review, affirm, reverse, correct, or annul any order . . . [of the ABC] or to suspend, stay, or delay the operation or execution thereof, *or to restrain, enjoin, or interfere with [the ABC] in the performance of its duties.*" (Italics added by trial court.) The court concluded that although there had not yet been any "order" (i.e., disciplinary action), section 23090.5 applied because the instant action merely sought preemptively to attack the validity of a future order, triggering the application of section 23090.5.

### II. THE EXCLUSIVE JURISDICTION OF THE SUPREME COURT OR APPELLATE COURTS TO REVIEW DISCIPLINARY ORDERS BY THE ABC AGAINST LICENSEES CANNOT BE CIRCUMVENTED BY THE FILING OF A SUPERIOR COURT CHALLENGE TO THE PROSPECTIVE DISCIPLINARY ACTION STYLED AS A CLAIM FOR DECLARATORY RELIEF

By its complaint, appellant sought a superior court judgment precluding the ABC from taking any disciplinary action based on the evidence garnered in the sting operation. The statutory scheme, however, comprehensively vests exclusive jurisdiction for judicial review of such disciplinary action in the Supreme Court and appellate courts by way of writ review.

Chapter 1.5 of division 9 of the Business and Professions Code is the statutory framework for administering and enforcing the liquor laws of California. Article 3 sets up the Alcoholic Beverages Appeals Board. Article

4 describes the manner and procedures by which such appeals board shall hear and decide appeals from determinations of the ABC which impose a penalty or affect a license. (§§ 23075-23089.)

Article 5 then provides the framework for judicial review of the appeals board's decisions. Section 23090 requires a person affected by the order to make timely application ". . . to the Supreme Court or to the court of appeal . . . for a writ of review . . . ." Sections 23090.1 through 23090.4 specify the procedures for and limitations on appellate review of Board decisions. The review jurisdiction granted to the Supreme Court and appellate courts is exclusive:

"No court of this state, except the Supreme Court and the courts of appeal to the extent specified in this article, shall have jurisdiction to review, affirm, reverse, correct, or annul any order, rule, or decision of the department or to suspend, stay, or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the department in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case." (§ 23090.5.)

The courts have repeatedly held that the foregoing language divests the superior courts of any jurisdiction to review actions by the ABC. In *Samson Market Co.* v. *Kirby* (1968) 261 Cal.App.2d 577 [68 Cal.Rptr. 130], the court held that jurisdiction over any judicial review of the ABC's administrative actions was limited by section 23090.5 to the appellate courts or the Supreme Court, and that the superior court had no authority to grant relief to the petitioner. (*Samson Market Co.* v. *Kirby, supra,* at pp. 581-584.) Subsequently, in *Dept. of Alcoholic Bev. Control* v. *Superior Court* (1968) 268 Cal.App.2d 67 [73 Cal.Rptr. 780], which involved a "quasi-judicial" action by the ABC, the court struck down a superior court order staying enforcement of a license suspension, holding that the 1967 statutes enacting section 23090 et seq. ". . . clearly divested superior courts of jurisdiction to review or stay the operation of a decision of the Department . . . ." (268 Cal.App.2d at p. 71.) Also, the court in *Schenley Affiliated Brands Corp.* v. *Kirby* (1971) 21 Cal.App.3d 177 [98 Cal.Rptr. 609], after evaluating a licensee's challenge to a regulation on discount pricing (i.e., a "quasi-legislative" action), concluded the statutory scheme channeled judicial review of actions by the ABC into the appellate courts and divested the superior courts of the power to hear such challenges. (*Id.* at pp. 195-196.)

Appellant seeks to avoid the exclusivity provisions by claiming such provisions apply only when the challenge is to an "order, rule, or decision" of the ABC. Since this case was filed before any disciplinary order was

entered, and seeks only declaratory relief, appellant argues the exclusivity provisions are inapplicable.

We reject the notion that jurisdictional limitations can be circumvented by a preemptive lawsuit. The gravamen of appellant's action seeks an *advance* declaration rendering disciplinary action against it void, based on the alleged unconstitutionality of the method by which the evidence was gathered. Neither party cites, nor are we aware of, any case which directly addresses the propriety of a superior court action seeking such an advance declaration in a case involving the ABC's administrative actions.[2] However, in that the thrust of appellant's action is to disable the ABC from taking disciplinary action, such a judgment on its face would violate the proscriptions of section 23090.5 because it would "annul an order . . . or decision" in advance, or at minimum would "restrain, enjoin, or interfere with the department in the performance of its duties."

While there is a dearth of authority in the ABC context, our review of other cases arising under the analogous Public Utilities Commission statutes supports our conclusion that the jurisdictional limitations cannot be circumvented by preemptive lawsuits.[3] In the Public Utilities Commission context, the courts have consistently held that attacks on agency decisions were exclusively reviewable by petition to the Supreme Court for writ of review. (*Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25

---

[2]Appellant cites a long line of cases to support its contention that a superior court has jurisdiction to grant declaratory and injunctive relief where the acts of an administrative agency are based on an unconstitutional statute or policy or exceed the powers conferred by statute. We have reviewed the cases cited by appellant: *Brock* v. *Superior Court* (1939) 12 Cal.2d 605 [86 P.2d 805]; *Sail'er Inn, Inc.* v. *Kirby* (1971) 5 Cal.3d 1 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351]; *Associated Cal. Loggers, Inc.* v. *Kinder* (1978) 79 Cal.App.3d 34 [144 Cal.Rptr. 786]; *Fenske* v. *Board of Administration* (1980) 103 Cal.App.3d 590 [163 Cal.Rptr. 182]; and *Pacific Motor Transport Co.* v. *State Bd. of Equalization* (1972) 28 Cal.App.3d 230 [104 Cal.Rptr. 558]. We find these cases do not support appellant's position. Although the courts in *Brock, Associated Cal. Loggers, Pacific Motor Transport Co.* and *Fenske* upheld the jurisdiction of a superior court to hear challenges to administrative orders, none involved administrative agencies whose decisions were statutorily reviewable only by a limited class of courts. Only *Sail'er Inn* (a case involving the constitutionality of revocation of a liquor license) entered the framework of review of ABC action. In that case, however, the proceeding was by an original petition in mandamus in the Supreme Court, *not* in the superior court (*Sail'er Inn, Inc.* v. *Kirby, supra,* 5 Cal.3d at pp. 6-7), rendering *Sail'er Inn* inapposite to the jurisdictional issue before us.

[3]The statutory scheme regulating judicial review of decisions by the Public Utilities Commission parallels the scheme at issue here. (Compare Pub. Util. Code, §§ 1756-1759 with Bus. & Prof. Code, §§ 23090-23090.7.) Indeed, because the Business and Professions Code scheme is modeled after the Public Utilities Commission Act, courts have looked to Public Utilities Commission decisions to construe the jurisdictional issues arising under the Business and Professions Code. (See, e.g., *Samson Market Co.* v. *Kirby, supra,* 261 Cal.App.2d at pp. 583-584.)

Cal.3d 891, 901 [160 Cal.Rptr. 124, 603 P.2d 41]; *Southern Pac. Transportation Co.* v. *Public Utilities Com.* (1976) 18 Cal.3d 308, 311, fn. 2 [134 Cal.Rptr. 189, 556 P.2d 289].) Efforts to avoid such exclusive jurisdiction by "preemptive strikes"—whether in the form of a complaint seeking declaratory relief or one seeking an injunction—have been rejected. For example, in *Hickey* v. *Roby* (1969) 273 Cal.App.2d 752 [77 Cal.Rptr. 486], a superior court had purported to enjoin a water company from canceling the plaintiff's record ownership of certain shares of stock in the water company. The *Hickey* court concluded the order was properly vacated for lack of jurisdiction, because the injunction interfered with the agency's ongoing proceedings with respect to the stock, and Public Utilities Code section 1759 vested exclusive jurisdiction for judicial review of agency decisions in the Supreme Court. (273 Cal.App.2d at pp. 763-765.)

*People* v. *Superior Court* (1965) 62 Cal.2d 515 [42 Cal.Rptr. 849, 399 P.2d 385] involved a "declaratory relief" complaint in which a water company sought a declaration concerning rights to certain funds it was holding in escrow. The escrow account had been established pursuant to a commission order, and proceedings were under way to decide which parties were entitled to the funds. The water company argued its declaratory relief action was properly before the superior court, notwithstanding the exclusivity provisions of Public Utilities Code section 1759, because it was not seeking review, annulment or suspension of an order of the commission, but only a decision as to the rights to the funds. (62 Cal.2d at pp. 516-517.) The Supreme Court concluded that styling the action as one for declaratory relief did not vest jurisdiction in the superior court. The court reasoned that "the whole matter [disputed in the declaratory relief case] is still pending and undecided before the commission . . . . Under these circumstances section 1759 precludes the superior court from adjudicating at [the water company's] behest the very issues that will necessarily be presented to the commission . . . [in the pending proceedings]." (*Id.* at p. 518.)

We therefore conclude that where a matter is within the purview of the ABC, an action seeking a judgment which will interfere with the agency's prospective disciplinary orders is beyond the jurisdiction of the superior court, even though the licensee styles the action as one for injunction (as in *Hickey* v. *Roby*) or one for declaratory relief (as in *People* v. *Superior Court*).[4]

---

[4]Appellant also urges that even if section 23090.5 applies to a matter in which no order has yet been entered by the ABC, the superior court still has jurisdiction because declaratory relief is a "cumulative" remedy, the availability of which remains intact even though other remedies, such as mandamus under section 23090.5, are also available. Although the line of cases

### III. APPELLANT'S REQUEST TO DEEM THIS APPEAL AS A PETITION FOR MANDAMUS IS DENIED

██ In a final attempt to preserve this action, appellant argues we should treat this appeal as a writ petition and reach the merits of appellant's constitutional challenge to the validity of the sting operation. We decline to do so.

Initially, we note that appellant's request for treatment of this appeal as a petition for extraordinary relief was not made in its opening brief, but was raised for the first time in its reply brief. ██ Points raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument. (See, e.g., *Neighbours* v. *Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8 [265 Cal.Rptr. 788].) ██ Here, appellant's failure to raise this claim precluded respondent from raising any arguments in opposition thereto.

Our determination to deny treatment of this appeal as a writ petition is also grounded upon the oft-stated maxim that constitutional questions should not be reached when other satisfactory bases for resolution of the controversy exist. (See, e.g., *In re Henry G.* (1972) 28 Cal.App.3d 276, 278-279 [104 Cal.Rptr. 585].) A more appropriate time to consider these arguments, should the need arise, will be after the ABC has first attempted to resolve them.

### IV. DISPOSITION

The judgment is affirmed.

Wiener, Acting P. J., and Work, J., concurred.

---

appellant cites (i.e., *Pacific Motor Transport Co.* v. *State Bd. of Equalization, supra,* 28 Cal.App.3d 230; *Minor* v. *Municipal Court* (1990) 219 Cal.App.3d 1541 [268 Cal.Rptr. 919]; *Bess* v. *Park* (1955) 132 Cal.App.2d 49 [281 P.2d 556]) certainly stands for the twin propositions that declaratory relief is cumulative and that the superior court ordinarily has jurisdiction to entertain declaratory relief actions, none of those cases arose in the context of an attack on an administrative agency whose actions or decisions were exclusively reviewable by a limited class of courts. Thus, though these cases arguably illuminate the nature of the remedies *available,* they do not aid in determining *which* courts have jurisdiction to grant the requested relief.