[No. F023939. Fifth Dist. Mar. 22, 1996.]

ELVIRA PADILLA, Plaintiff and Appellant, v.
DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Defendant
and Respondent.

**COUNSEL**

George A. Boyle and Dean J. Miller for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Martin H. Milas, Assistant Attorney General, Silvia M. Diaz and Thomas Scheerer, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**VARTABEDIAN, J.**—Appellant Elvira Padilla contends the superior court was under statutory mandate to transfer her petition for writ of administrative mandamus to this court, and erred in dismissing the petition for lack of jurisdiction. We agree. However, deeming the petition transferred as one requesting review, we exercise our discretion to deny the petition.

### FACTS AND PROCEEDINGS

Appellant owned a bar near Bakersfield. On September 17, 1993, two undercover investigators from respondent Department of Alcoholic Beverage Control (ABC) went into the bar and ordered beer. The beers were $3 each. Shortly thereafter, Rena Terrones came to their table and sat down. She asked one of the investigators to buy her a beer. He ordered one from the waitress. She brought Terrones a beer and a small can of tomato juice. The waitress charged the investigator $6. A short time later, Terrones asked the other investigator to buy her a beer. He ordered one from the waitress. Again, the waitress brought a beer and a can of tomato juice, for which she charged the investigator $6. The investigators went outside to alert their raid team. During the ensuing raid, additional evidence was gathered, tending to show Terrones was employed by the bar to conduct her drink-solicitation activities.

On October 1, 1993, ABC filed an accusation against appellant. The accusation alleged the two instances of solicitation violated Business and Professions Code sections 24200, subdivisions (a), (b), 24200.5, subdivision (b), and 25657, subdivisions (a), (b); Penal Code section 303a; and California Code of Regulations, title 4, section 143. (These sections, in general, prohibit solicitation of drinks by employees of bars and other licensees.)

On March 15, 1994, an administrative law judge conducted an evidentiary hearing on the accusation. Appellant was represented by counsel at that hearing. The proposed decision made factual findings in accord with the investigators' testimony at the hearing. It also recited appellant's history of discipline imposed by ABC, including a 1991 60-day suspension of license for solicitation violations. It provided for revocation of appellant's alcoholic beverage license. ABC adopted the proposed decision as its decision in the case on April 21, 1994.

Appellant sought review by the Alcoholic Beverage Control Appeals Board (hereafter Appeals Board). After a hearing November 3, 1994, at which appellant appeared without counsel, the Appeals Board affirmed the

decision revoking appellant's license. The Appeals Board decision was filed February 7, 1995.

On February 27, 1995, appellant filed in superior court a petition for writ of administrative mandate (Code Civ. Proc., § 1094.5). The petition contended the hearing (apparently the Appeals Board hearing) was unfair because appellant's request for continuance to obtain counsel and an interpreter were denied, the Appeals Board decision was based on hearsay, the findings were not supported by the evidence, and the penalty was excessive.

On March 2, 1995, Judge Clarence Westra, Jr., entered a minute order requiring appellant to file the administrative record and to serve the petition on respondent. On March 15, 1995, appellant filed a notice of motion requesting issuance of an alternative writ. Prior to the April 14, 1995, hearing on this motion, respondent filed a "RETURN TO PETITION FOR WRIT OF MANDATE BY WAY OF DEMURRER," asserting the superior court was without jurisdiction to hear the petition.[1]

At the April 14, 1995, hearing, appellant's counsel orally requested the petition be transferred to the Court of Appeal. The court (Judge Kelly) denied the request: "Since I have no jurisdiction, I'm not sure what vehicle I would use to transfer. I've denied that request [to transfer the case], but I suggest that if you need the appellate court's input, maybe it could be done by writ." The court dismissed the petition by written order entered April 28, 1995. Appellant filed her timely notice of appeal on June 13, 1995.

## DISCUSSION

The question on this appeal is quite narrow, apparently one of first impression. ■ Does the transfer requirement of Code of Civil Procedure section 396 (hereafter, section 396) apply in the case of proceedings filed in the superior court which, by statute, may be filed only in the Supreme Court or the Court of Appeal? We conclude section 396 does apply, for reasons that follow.

Section 396 provides, in relevant part:

"If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition,

---

[1]Business and Professions Code section 23090 provides: "Any person affected by a final order of the board, including the department, may, within the time limit specified in this section, apply to the Supreme Court or to the court of appeal for the appellate district in which the proceeding arose, for a writ of review of such final order. The application for writ of review shall be made within 30 days after filing of the final order of the board."

if there is a court of this state which has such jurisdiction, the action or proceeding shall not be dismissed (except as provided in Section 399, and subdivision 1 of Section 581) but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter . . . , and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"An action or proceeding which is transferred under the provisions of this section shall be deemed to have been commenced at the time the complaint or petition was filed in the court from which it was originally transferred."

Our task in determining whether this statute applies to the present circumstances is a straightforward one. ■ We must "ascertain the intent of the Legislature so as to effect the purpose of the law. [Citation.] In determining the legislative intent the court first turns to the language of the enactment. [Citation.] Words in the statute must be given their ordinary meaning. [Citation.] If the statutory language is clear and unambiguous, there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (i.e., extrinsic evidence). [Citations.] This is so because the statutory language expresses the intention of the Legislature and where it is free from doubt and ambiguity, it must be followed . . . ." (*City of Berkeley* v. *Cukierman* (1993) 14 Cal.App.4th 1331, 1338-1339 [18 Cal.Rptr.2d 478].)

■ The statute, by its terms, applies to "an action or proceeding . . . commenced in a court." The superior court and the Court of Appeal are each "a court"[2] and a petition for writ of review commences "a proceeding."[3] By the clear and unambiguous language of the statute, the superior court should have transferred appellant's petition for writ to this court. (Accord, *Township of South Orange Village* v. *Hunt* (1986) 210 N.J.Super. 407, fn. 2 [510 A.2d 62, 65-66].)[4]

Respondent is correct in contending "no case is known which permits [section 396] to be used to transfer a case to the Court of Appeal from a trial

[2]California Constitution, article VI, section 1, provides: "The judicial power of this State is vested in the Supreme Court, court of appeal, superior courts, and municipal courts. All courts are courts of record."

[3]The provisions governing writs of review are in chapter 1 of title 1 of part 3 of the Code of Civil Procedure, entitled "Special Proceedings of a Civil Nature."

[4]While the petition filed below is denominated a petition for writ of administrative mandamus, we do not view that title as controlling. The matters addressed in an ABC review proceeding are essentially the same as the issues available to an administrative mandamus petitioner. (Cf. Bus. & Prof. Code, § 23090.2; and Code Civ. Proc., § 1094.5, subd. (b).)

court." In *Dept. of Alcoholic Bev. Control* v. *Superior Court* (1968) 268 Cal.App.2d 67 [73 Cal.Rptr. 780], the licensee filed a petition for writ of mandamus in the superior court seeking review of an order suspending its liquor license. At the time of the alleged violations on which the suspension was based, review was properly available in superior court. Subsequently, Business and Professions Code section 23090.5 became effective, divesting the superior court of jurisdiction.[5] The superior court sustained ABC's demurrer to the petition on the basis the superior court had no jurisdiction of the matter, and the Court of Appeal affirmed. The decision neither discusses nor mentions section 396, although that section, as we have interpreted it, clearly would have been applicable to require transfer, rather than dismissal, of the petition. (See also *Greener* v. *Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1044-1046 [25 Cal.Rptr.2d 539, 863 P.2d 784] [complaint for declaratory relief in superior court dismissed for lack of jurisdiction, but mandamus for same relief would lie in Court of Appeal; no mention of transfer pursuant to § 396].)

The fact that the opinion in *Dept. of Alcoholic Bev. Control* v. *Superior Court, supra,* fails to apply section 396 does not aid our resolution of the present case. ■ "A decision is not . . . authority except upon the point actually passed upon by the Court and directly involved in the case." (*Hart* v. *Burnett* (1860) 15 Cal. 530, 598.)

■ Respondent argues that it would be bad public policy to permit transfers in situations such as that now before us because a dissatisfied licensee could "avoid the narrow door" of discretionary writ review in this court by filing first in the superior court. Respondent does not explain this argument, but it appears to imply the superior court would have jurisdiction to issue an alternative writ or to order a return to the writ. This would not be the case, of course. By virtue of Business and Professions Code section 23090.5 the superior court has no jurisdiction in the matter except the limited jurisdiction to transfer, conferred on it by section 396.

Nevertheless, respondent argues that the superior court could not order this matter transferred to this court because, pursuant to Business and Professions Code section 23090.5, it had no jurisdiction of the matter. There is, however, no conflict between section 396 and Business and Professions

[5]Business and Professions Code section 23090.5 provides: "No court of this state, except the Supreme Court and the courts of appeal to the extent specified in this article, shall have jurisdiction to review, affirm, reverse, correct, or annul any order, rule, or decision of the department or to suspend, stay, or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the department in the performance of its duties, but a writ of mandate shall lie from the Supreme Court or the courts of appeal in any proper case."

Code section 23090.5, since pursuant to section 396 the superior court does not "review, affirm, reverse, correct, or annul any order, rule, or decision of the department or to suspend, stay, or delay the operation or execution thereof, or . . . restrain, enjoin, or interfere with the department in the performance of its duties." (Bus. & Prof. Code, § 23090.5.) While a court transferring a petition for review does not undertake any of the actions prohibited by Business and Professions Code section 23090.5, there is an even more fundamental reason why respondent is wrong. Section 396, by definition, applies exclusively to courts that have no jurisdiction of the matters before them. To hold that a court without jurisdiction of a proceeding could not exercise the limited jurisdiction to transfer would be to interpret section 396 out of existence.

■ Finally, respondent complains that appellant did not file a written notice of motion as is generally required by Code of Civil Procedure section 1010. The present record does not show that respondent objected on this basis in the trial court. The law is settled that failure to object on the basis of Code of Civil Procedure section 1010 waives the issue on appeal. (*Hammond Lumber Co.* v *Bloodgood* (1929) 101 Cal.App. 561, 563-564 [281 P. 1101].)

■ We are persuaded that there is no precedential or other reason why the clear language of section 396 should not be applied to require a transfer of the petition in the present case.

While the normal course of action after reversal of an order of the trial court is to remand the case for further proceedings, we do not consider that appropriate in the present case. The only action to be taken by the superior court, as noted above, is the transfer of this case to the Court of Appeal. All pleadings and the administrative record are already before us, however, and remand would be a waste of judicial resources.

Instead, we deem the petition a petition for review and consider it transferred to this court. After examination of the petition in light of the entire record, we exercise our discretion to deny the petition summarily. All points raised in the petition are directly addressed by the opinion of the Appeals Board filed February 7, 1995. The findings and conclusions therein are amply supported by the record and by statutory and decisional authority. (Bus. & Prof. Code, § 23090.2.)

DISPOSITION

The dismissal order is reversed. The petition for writ of administrative mandamus is deemed a petition for review, and as such is considered

transferred to this court pursuant to section 396. The petition for review is denied. Respondent's request for sanctions is denied. Each party shall bear its own costs on this appeal/petition.

Ardaiz, P. J., and Buckley, J., concurred.

A petition for a rehearing was denied April 10, 1996.