[No. H032097. Sixth Dist. Oct. 14, 2009.]

CITY OF SAN JOSE, Plaintiff and Respondent, v.
INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 230,
Defendant and Appellant;
PUBLIC EMPLOYMENT RELATIONS BOARD, Intervener and
Respondent.

410

## COUNSEL

Wylie, McBride, Platten & Renner, Christopher E. Platten and Mark Renner for Defendant and Appellant.

Davis, Cowell & Bowe, W. David Holsberry and Paul L. More for California Professional Firefighters as Amicus Curiae on behalf of Defendant and Appellant.

Woodley & McGillivary, Thomas A. Woodley, Baldwin Robertson and Richard J. Bialczak for International Association of Fire Fighters, AFL-CIO as Amicus Curiae on behalf of Defendant and Appellant.

Richard Doyle, City Attorney, George Rios, Assistant City Attorney, and Robert Fabela, Deputy City Attorney, for Plaintiff and Respondent.

Tami R. Bogert and Wendi L. Ross for Intervener and Respondent.

## OPINION

**McADAMS, J.**—This appeal arose out of a labor dispute between respondent City of San Jose and appellant International Association of Firefighters, Local 230, which represents city firefighters. At issue here is the role of the agency charged with administering public employment statutes, the Public Employment Relations Board (PERB). After the trial court permitted it to intervene, PERB made a successful motion to dismiss the action based on the agency's exclusive initial jurisdiction over the underlying labor dispute.

Appellant challenges the judgment of dismissal on both constitutional and statutory grounds. First, appellant asserts, under state constitutional home rule provisions, the dispute concerns a municipal affair that is beyond the employment statute's reach. Moreover, appellant contends, even assuming that the statute applies, when correctly interpreted, it denies PERB jurisdiction in this

case. Finally, appellant urges, a recent statutory amendment compels reversal of the judgment of dismissal.

We agree with appellant's final contention, which we find dispositive. We therefore reverse the judgment of dismissal on that ground.

## INTRODUCTION: LEGAL BACKGROUND

To provide context for our discussion of the facts and the parties' contentions, we begin by briefly summarizing the legal principles in play here.

*Constitutional Home Rule Authority*

The provision of the California Constitution pertinent to appellant's constitutional argument is article XI, section 5, commonly known as "home rule" authority. (*Horton v. City of Oakland* (2000) 82 Cal.App.4th 580, 584–585 [98 Cal.Rptr.2d 371], disapproved on another ground in *O'Connell v. City of Stockton* (2007) 41 Cal.4th 1061, 1075, fn. 3 [63 Cal.Rptr.3d 67, 162 P.3d 583].) Under this constitutional authority, "insofar as a charter city legislates with regard to municipal affairs, its charter prevails over general state law." (*Sonoma County Organization of Public Employees v. County of Sonoma* (1979) 23 Cal.3d 296, 315 [152 Cal.Rptr. 903, 591 P.2d 1].) "However, as to matters of statewide concern, charter cities remain subject to state law." (*Id.* at pp. 315–316.)

*The Relevant Public Employment Statute*

Various statutes govern public employment. (See *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1084–1086 [29 Cal.Rptr.3d 234, 112 P.3d 623] (*Coachella Valley*).) At issue here is the Meyers-Milias-Brown Act (MMBA), codified at Government Code sections 3500–3511.[1] The MMBA "governs collective bargaining and employer-employee relations for most California local public entities, including cities, counties, and special districts." (*Coachella Valley*, at p. 1077.)

*Agency Jurisdiction*

Generally speaking, the PERB has exclusive initial jurisdiction over claims of unfair practices, as defined by the MMBA. (§ 3509, subd. (b); *Coachella Valley, supra*, 35 Cal.4th at p. 1077.) For these purposes, unfair practice charges include not only claimed violations of the MMBA, but also

---

[1] Further unspecified statutory references are to the Government Code.

claimed violations "of any rules and regulations adopted by a public agency" under the MMBA. (§ 3509, subd. (b); see § 3507, subd. (d).) Where PERB has exclusive initial jurisdiction, the courts retain "only appellate, as opposed to original, jurisdiction to review PERB's decisions." (*International Federation of Prof. & Technical Engineers v. Bunch* (1995) 40 Cal.App.4th 670, 677 [46 Cal.Rptr.2d 813]; see § 3509.5.)

*Public Employment Dispute Resolution Through Interest Arbitration*

■ In this case, the underlying labor dispute concerns the arbitrability of certain proposals put forth by appellant during collective bargaining. "Resolution of disputed contract issues through a binding process is commonly referred to as 'interest arbitration' in labor law." (*Hess Collection Winery v. Agricultural Labor Relations Bd.* (2006) 140 Cal.App.4th 1584, 1596 [45 Cal.Rptr.3d 609].) " 'Interest arbitration, unlike grievance arbitration, focuses on what the terms of a new agreement should be, rather than the meaning of the terms of the old agreement.' " (*Id.* at pp. 1596–1597; accord, *County of Sonoma v. Superior Court* (2009) 173 Cal.App.4th 322, 342 [93 Cal.Rptr.3d 39].) Given the constitutional dimension of local government autonomy, the Legislature may not compel a city or county to submit involuntarily to binding interest arbitration. (*County of Riverside v. Superior Court* (2003) 30 Cal.4th 278, 282, 284 [132 Cal.Rptr.2d 713, 66 P.3d 718].)

## FACTUAL AND PROCEDURAL BACKGROUND

Respondent City of San Jose (City) is a charter city. Appellant International Association of Firefighters, Local 230, is a recognized employee organization that represents city firefighters. By statutory definition, both parties are subject to the MMBA. (§ 3501, subd. (b).)

*Contract Negotiations; Impasse; Interest Arbitration*

Starting in January 2004, appellant and the City were engaged in contract negotiations for a new memorandum of agreement. They failed to reach agreement on certain points. In 2005, the parties initiated impasse procedures. Under the city charter, "All disputes or controversies pertaining to wages, hours, or terms and conditions of employment which remain unresolved after good faith negotiations" are subject to mandatory interest arbitration. (San Jose City Charter, § 1111, 4th par.)[2]

In 2006, in the interest arbitration, appellant offered 36 bargaining proposals, including two pertaining to employee retirement benefits. The first of

---

[2] The full text of that paragraph of the San Jose City Charter, § 1111 reads as follows: "All disputes or controversies pertaining to wages, hours, or terms and conditions of employment which remain unresolved after good faith negotiations between the City and either the fire or

those two proposals sought to change the composition of the Police and Fire Department Retirement Board by adding an additional retired firefighter to the board. The second proposed a revised cost methodology and actuarial tracking report separating police and firefighters.

The City asserted that both proposals fell outside the scope of bargaining, and it refused to arbitrate either proposal.

*Superior Court Action*

In December 2006, the City filed a complaint for declaratory and injunctive relief, seeking an order that appellant's two bargaining proposals were outside the scope of representation and thus were not arbitrable.

In January 2007, appellant filed a counterpetition to compel arbitration. In March 2007, appellant followed up with a motion to compel arbitration, asserting that its two bargaining proposals were within the scope of representation.

In May 2007, PERB applied to intervene in the case. The trial court granted that application. PERB then moved to dismiss the entire action, based on its assertion of exclusive initial jurisdiction to determine the disputed issues. Appellant opposed the dismissal. Following a hearing, the court granted PERB's motion to dismiss.

In August 2007, the trial court entered a judgment of dismissal.

*Appeal*

In September 2007, appellant brought this timely appeal.

We granted leave to file two amicus curiae briefs, both supporting appellant; one was submitted by the California Professional Firefighters and the other by the International Association of Firefighters.

Two respondents' briefs were filed, defending the judgment: one by the City and the other by PERB appearing as intervener and respondent.

---

police department employee organization shall be submitted to a three-member Board of Arbitrators upon the declaration of an impasse by the City or by the recognized employee organization involved in the dispute."

As pertinent here, the San Jose City Charter (§ 1111, 6th par.) also sets forth the process for selecting the three-member arbitration board, describes the procedure for the board's decision of each issue, and calls for the arbitration to be "conducted in conformance with, subject [to], and governed by Title 9 of Part 3 of the California Code of Civil Procedure."

After briefing was complete, appellant advised us of the enactment of Senate Bill No. 1296 (2007–2008 Reg. Sess.), which amended section 3509, effective January 1, 2009.[3] (Stats. 2008, ch. 712, § 2.) We requested supplemental briefing as to whether and how that amendment affects this appeal.

## CONTENTIONS

### I. *Constitutional Issues*

In the constitutional arguments presented in its briefs, appellant maintains that the City's charter provision "is an exercise of home rule authority under Article XI, Section 5, and is not 'preempted' by whatever authority PERB is accorded under Government Code § 3509."

Respondent PERB characterizes appellant's constitutional claim as a "dated argument without any validity." According to PERB, the public employment issues presented here are not subject to the city's home rule authority but instead are matters of statewide concern, as to which PERB has exclusive initial jurisdiction under the MMBA.

Respondent City chides both appellant and PERB for taking "rigid and absolutist positions" concerning the constitutional claims. Moreover, the City argues, this appeal raises only "theoretical questions relating to the home rule doctrine" that we need not address.

### II. *Statutory Interpretation Issues*

In its opening brief, appellant contends that "even were it not for the constitutional principles that bar PERB from divesting the court of jurisdiction to enforce City Charter § 1111, under the language of the MMBA itself, PERB's preemptive authority does not extend to thwarting [appellant's] effort to enforce it." More specifically, appellant contends, the statute does not apply to the charter provision for arbitration, which cannot be considered a mere "local rule" under the MMBA. Moreover, appellant maintains, PERB lacks jurisdiction over the parties' dispute concerning the scope of representation.

PERB disagrees. As expressed in its respondent's brief, PERB maintains that the city charter provision is a local rule subject to PERB's exclusive initial jurisdiction. Moreover, PERB contends, under the MMBA, questions

---

[3] In pertinent part, the amended statute provides that "superior courts shall have exclusive jurisdiction over actions involving interest arbitration, . . . when the action involves an employee organization that represents firefighters, as defined in Section 3251." (§ 3509, subd. (e).)

about the scope of bargaining "must first be presented to PERB and are subject to court review only after exhaustion of administrative remedies."

In its respondent's brief, the City notes that the language in its charter provision describing what disputes are subject to interest arbitration "is identical to the language establishing the scope of representation under the MMBA" as provided in section 3504. According to the City, whether that section justifies its refusal to arbitrate the two proposals (the City's position), or whether its refusal to arbitrate instead constitutes an unfair practice (appellant's position), the "determination is initially within the ambit of PERB's jurisdiction."

### III. *Issues Arising from the Recent Statutory Amendment*

In its supplemental briefing, appellant asserts that the recent amendment "unquestionably applies to this appeal" and that it "accords exclusive jurisdiction to the superior courts with respect to 'actions involving interest arbitration.' "

Citing its status as a neutral administrative agency, PERB declines "to assert a position at this time" about the effect of the statutory amendment on this appeal.

The City likewise declines to take a position on the questions that we posed in our request for supplemental briefing; however, it asks us to dismiss this appeal as moot on the ground that the challenged interest arbitration has since concluded.

## DISCUSSION

At the threshold, we reject the City's claim of mootness. On the merits, we agree with appellant that the recent statutory amendment applies to this case and that it is dispositive of this appeal. To place that determination in context, we begin our substantive discussion by summarizing the legal principles relevant to our decision, specifically those concerning the MMBA and retroactivity. After setting forth the governing principles, we apply them to the case before us.

### I. *Threshold Issue: Mootness*

#### A. *Legal Principles*

A case is moot when the reviewing court cannot provide the parties with practical, effectual relief. (*MHC Operating Limited Partnership v. City of*

*San Jose* (2003) 106 Cal.App.4th 204, 214 [130 Cal.Rptr.2d 564].) In such cases, the appeal generally should be dismissed. (*Ibid.*) But even if a case is technically moot, the court has inherent power to decide it where the issues presented are important and of continuing interest. (*Burch v. George* (1994) 7 Cal.4th 246, 253, fn. 4 [27 Cal.Rptr.2d 165, 866 P.2d 92].)

### B. *Application*

In this case, neither the appellate record nor the parties' supplemental briefing provides evidence that the underlying dispute has been resolved. But even assuming that the controversy is technically moot, given the important issues presented, "it is appropriate for us to retain and decide the matter." (*Burch v. George, supra,* 7 Cal.4th at p. 253, fn. 4.)

### II. *Substantive Issues: Relevant Legal Principles*

### A. *The MMBA*

#### 1. *Statutory Purposes*

■ "The MMBA has two stated purposes: (1) to promote full communication between public employers and employees; and (2) to improve personnel management and employer-employee relations within the various public agencies. These purposes are to be accomplished by establishing methods for resolving disputes over employment conditions and by recognizing the right of public employees to organize and be represented by employee organizations. (§ 3500.)" (*People ex rel. Seal Beach Police Officers Assn. v. City of Seal Beach* (1984) 36 Cal.3d 591, 597 [205 Cal.Rptr. 794, 685 P.2d 1145].)

#### 2. *PERB's Authority*

■ PERB's authority under the MMBA includes certain enumerated powers and duties. (§ 3509, subds. (b), (c); *id.,* subd. (a) [incorporating the powers and duties set forth in § 3541.3].) PERB thus has authority to "determine in disputed cases whether a particular item is within or without the scope of representation" and to "investigate unfair practice charges or alleged violations" of the MMBA. (§ 3541.3, subds. (b), (i).)

To carry out its duties, PERB has exclusive initial jurisdiction over unfair practice charges. (§ 3509, subd. (b); *Coachella Valley, supra,* 35 Cal.4th at p. 1077; *City and County of San Francisco v. International Union of Operating Engineers, Local 39* (2007) 151 Cal.App.4th 938, 943 [60 Cal.Rptr.3d 516] (*San Francisco*).) In the words of the statute: "The initial determination as to whether the charge of unfair practice is justified and, if

so, the appropriate remedy . . . shall be a matter within the exclusive jurisdiction of the board." (§ 3509, subd. (b).)

### 3. *Recent Statutory Amendment*

In 2008, the Legislature amended section 3509. (Stats. 2008, ch. 712, § 2.) The amendment added a new subdivision (e) to section 3509, which reads: "(e) Notwithstanding subdivisions (a) to (c), inclusive, consistent with, and pursuant to, the provisions of Sections 3500 and 3505.4, superior courts shall have exclusive jurisdiction over actions involving interest arbitration, as governed by Title 9 (commencing with Section 1280) of Part 3 of the Code of Civil Procedure, when the action involves an employee organization that represents firefighters, as defined in Section 3251."

In amending section 3509, the Legislature made a number of findings and declarations, including "where PERB's jurisdiction over unfair labor practice charges may overlap with the statutory authority granted to other entities, the overlap should not remove the jurisdiction of other forums." (Stats. 2008, ch. 712, § 1, subd. (f).) The Legislature further found and declared: "Unlike law enforcement organizations, firefighter organizations have recently been prevented from employing other voter-adopted dispute resolution processes, which in effect changes the clear statutory language detailing PERB's jurisdiction. This disparity has resulted in the preservation of procedural rights for law enforcement officers and the derailment of and eventual elimination of procedural rights for firefighters." (*Id.*, subd. (g).) The findings and declarations also include this one: "The Legislature never intended, by exempting law enforcement organizations from the provisions of Senate Bill 739, enacted as Chapter 901 of the Statutes of 2000,[4] to, by implication, eliminate for firefighters the locally enacted procedural protections enjoyed by both law enforcement and firefighters under those provisions." (*Id.*, subd. (h).)

### B. *Retroactivity*

#### 1. *General Presumption of Statutes' Prospectivity*

"New statutes are presumed to operate only prospectively absent some clear indication that the Legislature intended otherwise." (*Elsner v. Uveges* (2004) 34 Cal.4th 915, 936 [22 Cal.Rptr.3d 530, 102 P.3d 915].) "Various statutes codify this rule of interpretation." (*Tapia v. Superior Court*

---

[4] It was Senate Bill No. 739 (1999–2000 Reg. Sess.) that vested PERB with jurisdiction over the MMBA. (Stats. 2000, ch. 901, § 8; *Coachella Valley, supra*, 35 Cal.4th at p. 1085.) The provisions of Senate Bill No. 739 were expressly made inapplicable to peace officers. (§ 3511, added by Stats. 2000, ch. 901, § 10.)

(1991) 53 Cal.3d 282, 287, fn. 2 [279 Cal.Rptr. 592, 807 P.2d 434]; see *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207–1209 [246 Cal.Rptr. 629, 753 P.2d 585].)

Departure from the presumption of prospectivity is warranted only by clear legislative intent. (*Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 229–230 [46 Cal.Rptr.3d 57, 138 P.3d 207] (*Californians for Disability Rights*).) Thus, "in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application." (*Evangelatos v. Superior Court, supra*, 44 Cal.3d at p. 1209.)

### 2. *No Application to Procedural Statutes*

■ The general presumption of prospectivity "does not preclude the application of new procedural or evidentiary statutes to trials occurring after enactment, even though such trials may involve the evaluation of civil or criminal conduct occurring before enactment." (*Elsner v. Uveges, supra*, 34 Cal.4th at p. 936.) "A statute affecting procedure or providing a new remedy for the enforcement of existing rights is properly applicable to actions pending when the statute becomes effective, provided that vested rights are not thereby impaired." (*Dept. of Alcoholic Bev. Control v. Superior Court* (1968) 268 Cal.App.2d 67, 76 [73 Cal.Rptr. 780].)

"In deciding whether the application of a law is prospective or retroactive, we look to function, not form. [Citations.] We consider the effect of a law on a party's rights and liabilities, not whether a procedural or substantive label best applies." (*Elsner v. Uveges, supra*, 34 Cal.4th at pp. 936–937; accord, *Californians for Disability Rights, supra*, 39 Cal.4th at pp. 230–231.) Thus, for example, changes to the Labor Code affecting the standard of care and burden of proof, while "superficially procedural and evidentiary," in fact would "change the legal consequences of [the defendant's] past conduct" and thus could not properly be applied to pending cases. (*Elsner v. Uveges*, at p. 938.) By contrast, a voter initiative that limited standing to sue for relief for unfair competition "does not change the legal consequences of past conduct by imposing new or different liabilities based on such conduct" and thus could properly be applied to pending cases. (*Californians for Disability Rights*, at pp. 227, 232.)

### 3. *No Application to Repeal of Statutory Right*

■ Despite the general presumption of prospectivity, "when a pending action rests solely on a statutory basis, and when no rights have vested under

the statute, 'a repeal of such a statute without a saving clause will terminate all pending actions based thereon.' " (*Governing Board v. Mann* (1977) 18 Cal.3d 819, 829 [135 Cal.Rptr. 526, 558 P.2d 1].) In other words, where "the Legislature has conferred a remedy and withdraws it by amendment or repeal of the remedial statute, the new statutory scheme may be applied to pending actions without triggering retrospectivity concerns . . . ." (*Brenton v. Metabolife Internat., Inc.* (2004) 116 Cal.App.4th 679, 690 [10 Cal.Rptr.3d 702].) Even where the ruling was "correct under the statutes in effect at the time of the trial court judgment, a new . . . provision added during the pendency of the appeal" that effectively repeals the former statutory remedy is properly applied to the pending appeal. (*Ibid.*, discussing *Governing Board v. Mann.*)

III.  *Analysis*

In supplemental briefing, appellant argues that the recent statutory amendment to the MMBA, which is applicable to this appeal, compels the conclusion that the superior court—not PERB—has exclusive jurisdiction over its petition to compel interest arbitration. We find this argument dispositive of the matter before us. We therefore address that point only, without reaching appellant's other statutory claims or its constitutional arguments.

Starting with the question of retroactivity, we first explain why the amended statute applies to this appeal. Turning next to its interpretation and application, we conclude that the amended statute requires reversal in this case.

A.  *Retroactivity*

"We review the retroactive application of the statute de novo." (*In re Marriage of Fellows* (2006) 39 Cal.4th 179, 183 [46 Cal.Rptr.3d 49, 138 P.3d 200].)

1.  *Lack of Clear Legislative Intent*

As the first step in our analysis, we consider the evidence of legislative intent for the amendment to apply to pending actions. Having examined the legislative history of the amendment, we find no sufficiently clear evidence of such intent.

Senate Bill No. 1296 (2007–2008 Reg. Sess.) "does not expressly declare" whether the amendments are to be applied "to pending cases." (*Californians for Disability Rights, supra*, 39 Cal.4th at p. 229.) But the Legislature did declare that it "never intended, by exempting law enforcement organizations"

from PERB's jurisdiction over the MMBA to "eliminate for firefighters the locally enacted procedural protections enjoyed by both law enforcement and firefighters." (Stats. 2008, ch. 712, § 1, subd. (h).) "Certainly the foregoing statements would be consistent with an assumed intention to apply [the amendment] to pending cases. The language is not, however, sufficiently clear to compel the inference that the [Legislature] did intend the provisions so to apply." (*Californians for Disability Rights*, at p. 229.)

As California Supreme Court precedent teaches, "at least in modern times, we have been cautious not to infer the voters' or the Legislature's intent on the subject of prospective versus retrospective operation from 'vague phrases' [citation] and 'broad, general language' [citation] in statutes, initiative measures and ballot pamphlets." (*Californians for Disability Rights, supra*, 39 Cal.4th at pp. 229–230.) "Accordingly, we will not attempt to infer from the ambiguous general language" a legislative intent "to apply to pending cases. Instead, we will employ the ordinary presumptions and rules of statutory construction commonly used to decide such matters when a statute is silent." (*Id.* at p. 230.)

## 2. *Amendment's Impact As Procedural*

We next assess whether the amendment is retrospective. We conclude that it is not, since its impact is only procedural.

In holding that a voter initiative was applicable to pending actions, the California Supreme Court explained: "To apply Proposition 64's standing provisions to the case before us is not to apply them 'retroactively,' as we have defined that term, because the measure does not change the legal consequences of past conduct by imposing new or different liabilities based on such conduct. [Citation.] The measure left entirely unchanged the substantive rules governing business and competitive conduct. Nothing a business might lawfully do before Proposition 64 is unlawful now, and nothing earlier forbidden is now permitted. Nor does the measure eliminate any right to recover." (*Californians for Disability Rights, supra*, 39 Cal.4th at p. 232, fn. omitted.)

The same is true here: no substantive legal rights are implicated. Functionally, the 2008 amendment to the MMBA "left entirely unchanged the substantive rules governing" public employment rights. (*Californians for Disability Rights, supra*, 39 Cal.4th at p. 232; see *County of Riverside v. Superior Court, supra*, 30 Cal.4th at p. 289 [distinguishing " 'between the *substance* of a public employee labor issue and the *procedure* by which it is resolved' "].) The legislative findings themselves speak in terms of "*procedural* protections" for firefighters. (Stats. 2008, ch. 712, § 1, subd. (h), italics

added; see *Brenton v. Metabolife Internat., Inc., supra,* 116 Cal.App.4th at p. 691, fn. 6 [application of amended statute "does not eliminate . . . purported *right*, but only removes one procedural mechanism for enforcing that right"].) The only change is the initial forum in which the parties' substantive rights are pursued. (See *Dept. of Alcoholic Bev. Control v. Superior Court, supra,* 268 Cal.App.2d at p. 76 ["new procedures on judicial review" applied to pending case]; *Landau v. Superior Court* (1998) 81 Cal.App.4th 191, 215 [97 Cal.Rptr.2d 657] ["change in review procedure" applied to pending case].)

The City suggests that "the statute appears to regulate jurisdiction rather than procedure." But such a characterization does not alter the ultimate impact of the amendment. (Cf., *Californians for Disability Rights, supra,* 39 Cal.4th at p. 233 [jurisdictional challenges to standing may be raised at any time during pendency of the proceeding].) Here, even if characterized as jurisdictional, the change in forum in fact constitutes a change in the procedural mechanism for enforcing substantive rights. The label is not determinative. (*Elsner v. Uveges, supra,* 34 Cal.4th at p. 936.)

Since the 2008 amendment to the MMBA is properly characterized as procedural, it is not retrospective, and it may be applied to this pending litigation.

### 3. *Amendment As Repeal of Statutory Right*

Our decision to apply the amendment here is proper on another ground: repeal of PERB's statutory grant of jurisdiction. Here, the judgment of dismissal was based on PERB's exclusive initial jurisdiction, as conferred by section 3509 prior to its 2008 amendment. That statutory authority no longer exists as to this dispute.

In that regard, this case is similar to *Governing Board v. Mann, supra,* 18 Cal.3d 819. There, a school district dismissed a teacher on the basis of his marijuana conviction. (*Id.* at pp. 821–822.) The trial court upheld the dismissal. (*Id.* at p. 822.) While the teacher's appeal was pending, "the Legislature enacted an entirely new, comprehensive statutory scheme to govern the treatment of marijuana offenders [citations]." (*Ibid.*) The court stated: "Although the school district maintains that the new legislation, having taken effect after the trial court judgment, should not be applied in this proceeding, a long and unbroken line of California decisions establishes beyond question that the repeal of the district's statutory authority does affect the present action." (*Ibid.*) As the court explained, "since the Legislature has now withdrawn the school district's authority to dismiss defendant on the basis of his possession of marijuana conviction, the trial court judgment in favor of plaintiff must be reversed." (*Id.* at p. 823.)

Under the reasoning of the California Supreme Court, as expressed in *Governing Board v. Mann*, "the present trial court judgment . . . clearly cannot stand. [PERB's] authority . . . rests solely on statutory grounds, and thus under the settled common law rule the repeal of [its] statutory authority necessarily defeats this action which was pending on appeal at the time the repeal became effective." (*Governing Board v. Mann, supra*, 18 Cal.3d at p. 830.)

For these reasons, the amendment to section 3509 applies to the case before us.

### B. *Interpretation and Application of the Amended Statute*

Having determined that the amendment applies to this appeal, we turn to its effect here. That consideration presents a question of statutory interpretation.

■ "In statutory construction cases, our fundamental task is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." (*Estate of Griswold* (2001) 25 Cal.4th 904, 910 [108 Cal.Rptr.2d 165, 24 P.3d 1191].) " 'We begin by examining the statutory language, giving the words their usual and ordinary meaning.' " (*Id.* at p. 911.) "If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs." (*Ibid.*) Where the construction of a statute is at issue, our review is de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956].)

■ As amended, the statute provides that "superior courts shall have exclusive jurisdiction over actions involving interest arbitration . . . when the action involves an employee organization that represents firefighters, as defined in Section 3251." (§ 3509, subd. (e).) The language of this provision is plain and unambiguous. It confers exclusive jurisdiction on the superior court—not PERB—provided that the necessary factual predicate exists.

Here, without question, the factual predicate for application of the statute is satisfied. This action clearly involves interest arbitration. (*Hess Collection Winery v. Agricultural Labor Relations Bd., supra*, 140 Cal.App.4th at pp. 1596–1597; *County of Sonoma v. Superior Court, supra*, 173 Cal.App.4th at p. 342.) Likewise, it clearly involves an employee organization representing firefighters. (See § 3251 [broadly defining firefighter as "any firefighter employed by a public agency" who has "successfully completed the probationary period established by his or her employer as a condition of employment"].)

Under amended section 3509, subdivision (e), the court now has exclusive jurisdiction to determine the disputed issues in this case. The judgment of dismissal was premised on a determination that PERB had exclusive initial jurisdiction. Since that premise is no longer correct, the judgment cannot stand.

## DISPOSITION

The judgment of dismissal is reversed.

Elia, Acting P. J., and Mihara, J., concurred.