Filed 3/28/16  P. v. Rivera CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MIGUEL ANGEL RIVERA,<br><br>  Defendant and Appellant. | H041742<br>(Monterey County<br> Super. Ct. Nos. SS131492A,<br> SS141959A) |

In two cases below, defendant pleaded no contest to possession of heroin.  (Health & Saf. Code, § 11350.)  In one of the cases, he also pleaded no contest to driving under the influence of a drug.  (Veh. Code, § 23152, subd. (e).)  After defendant entered his pleas, but before the court imposed sentences, Proposition 47 took effect and reduced possession of heroin to a misdemeanor.  Nonetheless, the court sentenced defendant as a felon in both cases.  Defendant immediately petitioned to recall both sentences under Proposition 47.  The trial court granted both petitions, recalled both sentences, and designated the possession offenses to be misdemeanors.

Defendant appeals from both cases on the same ground.  He contends Proposition 47 reduced his possession convictions to misdemeanors before the trial court sentenced him as a felon.  However, because the trial court granted his petitions and designated the offenses to be misdemeanors, we conclude defendant's claims on this ground are moot.

Defendant further contends the trial court erred by granting probation after having sentenced him to a custodial term.  Because the trial court recalled the custodial term

under Proposition 47 before granting probation, we conclude this claim is also without merit.

Finally, defendant contends the trial court erred by ordering 365 days in county jail as a condition of probation for driving under the influence of a drug. The Attorney General concedes the merit of this claim. We agree with defendant and we accept the Attorney General's concession. Because the maximum punishment for driving under the influence of a drug is six months in jail, the trial court erred by ordering a jail term of 365 days. In case No. SS141959A, we will reverse the judgment and remand for resentencing. In case No. SS131492A, we will affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts of the Offenses*[1]

1. *Case No. SS131492A*

On July 25, 2013, the police stopped to help a disabled motorist on the side of the road. The police recognized the driver to be defendant, a known heroin dealer. When asked about a pending narcotics case in Santa Cruz County, defendant became nervous and began reaching into his pockets. Upon searching him for weapons, police found a digital scale with heroin residue and $3,089 in cash. Defendant also admitted having a methamphetamine pipe in his pocket.

A passenger in the car showed signs of heroin use. A search of the car revealed multiple needles, and a search of the passenger's purse revealed a syringe loaded with heroin. In the trunk, police found 81 grams of heroin, one gram of methamphetamine, and $2,050 cash.

2. *Case No. SS141959A*

On July 6, 2014, police stopped defendant for driving without headlights. The car had two passengers who were on probation with outstanding warrants. Police found an orange hypodermic syringe cap in defendant's pocket.

---

[1] The facts of both cases are taken from the probation reports.

2

In the car, police found wire cutters, flashlights, gloves, wire scrapers, metal files, and several other tools. On the front passenger-side floor, police found 10 pills containing acetaminophen and hydrocodone. Underneath the front passenger's seat, police found a black pouch containing three needles loaded with heroin; 0.57 grams of methamphetamine; a methamphetamine pipe; and other indicia of drug use. Between the driver's seat and the middle console, police found a metal spoon handle shaved to replicate a key. On the driver's side floor, police found another spoon handle and a blue pouch containing ten metal files. Defendant told police the drugs and the shaved spoon handle belonged to one of the passengers.

Officers subjected defendant to a series of sobriety tests. After defendant failed to complete the tests successfully, police determined he was under the influence of drugs and took him to a medical center for a blood draw.

B. *Procedural Background*

On February 4, 2014, the prosecution charged defendant by information in case No. SS131492A with: Count One—Possession of heroin for sale (Health & Saf. Code, § 11351); and Count Two—Possession of methamphetamine for sale (Health & Saf. Code, § 11378). The complaint alleged defendant had served a prior prison term. (Pen. Code, § 667.5, subd. (b).)[2]

On June 25, 2014, the prosecution amended the information to add Count Three— Possession of heroin (Health & Saf. Code, § 11350). On that date, defendant pleaded no contest to Count Three in exchange for a term of felony probation and dismissal of Counts One and Two.

On August 1, 2014, the trial court suspended imposition of sentence and granted a three-year term of probation. The remaining two counts were dismissed. On that same date, the prosecution charged defendant by complaint in case No. SS141959A with possession of a controlled substance in a jail (§ 4573.6, subd. (a)). The prosecution later

---

[2] Subsequent undesignated statutory references are to the Penal Code.

amended the complaint to add one count of driving under the influence of a drug (Veh. Code, § 23152, subd. (e)) and one count of possession of heroin (Health & Saf. Code, § 11350).

On September 16, 2014, the probation department petitioned for modification of the terms of probation in case No. SS131492A. The petition alleged three violations of probation: (1) that defendant had failed to report for a scheduled appointment with his probation officer; (2) that defendant had been cited by the police for possession of burglary tools (§ 466); and (3) that defendant had failed to report the police contact to his probation officer. The trial court revoked probation in case No. SS131492A on September 30, 2014, and set a date for a formal hearing.

On October 16, 2014, in Case. No. SS141959A, defendant pleaded no contest to Count Two (driving under the influence of a drug) and Count Three (possession of heroin). As to the alleged probation violations in case No. SS131492A, defendant admitted the first and third allegations, and the second allegation was dismissed.

On December 2, 2014, in case No. SS131492A, defendant filed a petition under section 1170.18 (Proposition 47) for recall and resentencing of his conviction for possession of heroin (Health & Saf. Code, § 11350).

The court held a hearing in both cases on December 4, 2014. As to case No. SS141959A, defendant argued that the enactment of Proposition 47 had retroactively reduced his conviction on Count Three (possession of heroin) to a misdemeanor.[3] The trial court rejected this argument and sentenced defendant as a felon. The court denied probation and imposed a term of 16 months in county jail. The court also imposed a $300 restitution fine. Defendant then immediately filed a petition for recall under section

_____

[3] On appeal, defendant contends trial counsel had argued that the convictions for possession of heroin *in both cases* had been reduced to misdemeanors. The record shows otherwise; trial counsel had already filed a petition for recall in case No. SS131492A prior to the sentencing hearing. Apparently trial counsel assumed that a petition for recall was necessary because defendant had already been "sentenced" for purposes of Proposition 47 when the court granted probation on August 1, 2012.

4

1170.18.  The court granted the petition, recalled the sentence, and designated Count Three a misdemeanor.  The court then denied parole and imposed a term of 112 days in county jail.  The court also imposed fines and fees in the same amount as it did before recalling the sentence.  Defendant objected and requested that the court impose "misdemeanor fines," but the court overruled the objection.  As to Count Two (driving under the influence of a drug), the court imposed a five-year term of probation to include 365 days in county jail concurrent with the term imposed for possession of heroin.

In case No. SS131492A, the court ordered probation to remain revoked and denied a further grant of probation.  The court imposed a term of 16 months in county jail concurrent with the term imposed in case No. SS141959A.  The court also imposed a $300 restitution fine.  The court then immediately granted defendant's previously-filed petition to recall the sentence under section 1170.18.  The court recalled the sentence and designated the conviction for heroin possession to be a misdemeanor.  The court declined to impose a term of parole.  Although the court did not orally pronounce a jail sentence, the minutes state that the court imposed 149 days in county jail with 149 days of credit for time served.  Defendant again objected to the imposition of "felony fines," but the court declined to reduce the amount of the fines.

After defendant filed his notice of appeal, we requested briefing on the issue of whether this court had appellate jurisdiction or whether jurisdiction lay with the appellate division of the superior court because the convictions were misdemeanors.  We held that this court had appellate jurisdiction because both cases were initially charged as felonies. (*People v. Rivera* (2015) 233 Cal.App.4th 1085.)

## II. DISCUSSION

A. *Retroactivity of Proposition 47*

Defendant contends Proposition 47 retroactively reduced his convictions for possession of heroin in both cases to misdemeanors under the doctrine of *In re Estrada* (1965) 63 Cal.2d 740.  Accordingly, he contends the trial court erred by imposing felony

5

sentences in both cases. The Attorney General contends that defendant's claim is moot because the trial court granted defendant's petitions for recall and designated the offenses to be misdemeanors. In the alternative, the Attorney General claims Proposition 47 did not retroactively reduce defendant's convictions to misdemeanors.

1. *Legal Principles*

In November 2014, voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which reduced certain drug- and theft-related offenses to misdemeanors. The law took effect on November 5, 2014. As relevant here, the act amended Health and Safety Code section 11350 to make possession of a controlled substance punishable as a misdemeanor except for certain categories of offenders not at issue here. Proposition 47 also created a new resentencing scheme for persons serving felony sentences for those offenses made misdemeanors by the act. (§ 1170.18, subd. (a).) Under the new resentencing scheme, a person currently serving a sentence for a felony conviction may petition for recall if the person would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense.

2. *The Retroactivity Claim is Moot*

The Attorney General contends defendant's claim is moot because his convictions were already designated misdemeanors, such that any ruling by this court on defendant's claim will have no practical effect. Defendant contends his appeal is not moot because we must rule on his claim, set forth in Section II.B. below, that the court erred by granting a term of probation in case No. SS141959A. Defendant also argues that the trial court could reduce the restitution fines on remand. And he contends he may suffer unspecified collateral consequences at some time in the future. He also contends this issue is a matter of continuing public interest that is likely to recur. We conclude the issue of whether Proposition 47 acts retroactively is moot in this case.

"A case is moot when the reviewing court cannot provide the parties with practical, effectual relief." (*City of San Jose v. International Assn. of Firefighters, Local*

6

*230* (2009) 178 Cal.App.4th 408, 417.) "When no effective relief can be granted, an appeal is moot and will be dismissed." (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316.) The Attorney General argues that we are without the power to grant any effective relief because the trial court already reduced defendant's convictions to misdemeanors.

In response, defendant contends a ruling would grant him effective relief because the trial court could reduce the amount of the restitution fines it imposed. As set forth above, the trial court imposed a $300 restitution fine in both cases prior to granting the recall petitions. After the court granted the petitions and resentenced defendant, he requested that the fines and fees be reduced to "misdemeanor fines." Under section 1202.4, subdivision (b)(1), a court may impose a restitution fine for a misdemeanor ranging from $140 (starting January 1, 2013) to $1,000, or from $150 (starting January 1, 2014) to $1,000. Under this statute, the trial court had the discretion to impose a $300 fine regardless of whether defendant was convicted of a misdemeanor or a felony. The trial court explicitly rejected defendant's requests to reduce the fees even after designating the offenses to be misdemeanors. Nothing in the record suggests the court would impose lesser fines on remand.

Second, defendant contends he may still face collateral consequences if this court does not grant relief. For example, he contends his sentence may serve as a prior conviction. But defendant's conviction under Health and Safety Code section 11350 could only be used to enhance a future sentence if he served a prison term for the prior conviction. (§ 667.5, subd. (b).) Defendant served no such prison term. Furthermore, subdivision (k) of section 1170.18 provides: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with

7

Section 29800) of Division 9 of Title 4 of Part 6."[4] (§ 1170.18, subd. (k), italics added.) This language would prohibit the use of defendant's recalled sentence as a future enhancement for a prior felony. Defendant nonetheless contends that some future statute could be enacted such that he would be further punished based on the recalled sentence; that the sentence could be used to deny him probation; or that the sentence may affect his right to own firearms in the future if his prior felonies are reversed. Defendant's concerns in this regard are speculative. " '[A]s a general rule it is not within the function of a court to act upon and decide a moot question or speculative, theoretical, or abstract question or proposition, or a purely academic question, or to give an advisory opinion on such a question or proposition.' " (*Wilson v. Los Angeles County Civil Service Commission* (1952) 112 Cal.App.2d 450, 453, quoting 1 C.J.S., Actions, § 17a.)

Defendant also contends this appeal presents an important issue of continuing public interest that is likely to recur. (See *City of San Jose v. International Assn. of Firefighters*, *Local 230*, *supra*, 178 Cal.App.4th at p. 417 [even if a case is technically moot, the court has inherent power to decide it where the issues presented are important and of continuing interest].) But the subset of persons in defendant's circumstances is small, and the subset of such persons who could articulate some prejudice is even smaller. The circumstances in this case arose during a unique and limited time period during which voters enacted Proposition 47 after the entry of defendant's plea but before the imposition of his sentence. Those circumstances will not occur again in the future.

We cannot provide the parties with any practical, effectual relief. Furthermore, this is not a matter of continuing public interest that is likely to recur. We therefore conclude this claim is moot.

---

[4] Defendant may not possess firearms regardless of this conviction because he has suffered numerous prior felony convictions.

8

B. *The Validity of Granting Probation in Case No. SS141959A*

Defendant contends the trial court lacked the power to grant probation in case No. SS141959A once the court imposed a jail term. Defendant argues that a trial court may not impose and execute a felony sentence and, in the same case, place conditions of probation because the court loses jurisdiction once it imposes a custodial jail or prison term. The Attorney General responds that the court did not impose a prison term at the same time it granted probation because the prison sentence, having been recalled, was never executed.

We agree with the Attorney General. The general rule is that a court loses jurisdiction once the defendant is remanded into custody to serve the term imposed. Our high court has said that "[u]nder the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.] Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant. [Citation.] If, however, the trial court 'retains in itself the actual or constructive custody of the defendant and the execution of his sentence has not begun,' the court may vacate and modify the sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Here, the trial court imposed a custodial term, but the court immediately recalled the sentence upon granting defendant's petition under section 1170.18. Only then did the court grant probation. Because defendant was never taken into custody, the court never lost jurisdiction over him.

Moreover, as defendant acknowledges, Proposition 47 statutorily grants trial courts the jurisdiction to modify a custodial sentence. None of the authorities cited by defendant in support of his argument concern the power of a court to grant probation after recalling a sentence under Proposition 47. Nor does the language of that law forbid the trial court from imposing probation upon recalling a sentence and designating the offense a misdemeanor. We thus conclude this claim is without merit.

9

C. *The Trial Court Erred By Ordering 365 Days in Jail in Case No. SS141959A for Driving Under the Influence*

In case No. SS141959A, defendant pleaded no contest to driving under the influence of a drug. (Veh. Code., § 23152, subd. (e).) The trial court granted probation and ordered defendant to serve 365 days in county jail as a condition of probation. Defendant contends the court lacked the authority to order 365 days in jail as a condition of probation because the maximum term of custody for driving under the influence of a drug was six months. The Attorney General concedes the merit of this claim.

We agree with defendant and we accept the Attorney General's concession. When a trial court grants probation, the court "may imprison the defendant in a county jail for a period not exceeding the maximum time fixed by law in the case." (§ 1203.1, subd. (a).) A first violation of Vehicle Code section 23152 is punishable by a maximum of six months in county jail. (Veh. Code, § 23536, subd (a).) Defendant had no prior convictions for driving under the influence. Accordingly, the court erred by ordering 365 days in county jail as a condition of probation for the offense of driving under the influence of a drug. We will therefore reverse the judgment in case No. SS141959A, and we will remand the matter for resentencing to give the trial court "an opportunity to restructure its sentencing choices." (*People v. Rodriguez* (2009) 47 Cal.4th 501, 509.)

## III.   DISPOSITION

In case No. SS131492A, the judgment is affirmed. In case No. SS141959A, the judgment is reversed and the matter is remanded to the trial court for resentencing.

_____
Márquez, J.

WE CONCUR:


_____
Rushing, P. J.


_____
Premo, J.