Filed 4/29/16  P. v. Hart CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041926 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS141716A) |
| v. | |
| MICHAEL DANIEL HART, | |
| Defendant and Appellant. | |

Defendant Michael Daniel Hart pleaded no contest to petty theft with three or more priors.  After his plea, but before he was sentenced, Proposition 47 became law, making his offense a misdemeanor.  At sentencing, defendant objected to the imposition of a felony sentence.  The trial court overruled the objection on the ground that Proposition 47 did not operate retroactively.  After the court imposed a term of 32 months, defendant immediately petitioned for resentencing under Proposition 47.  The court granted the petition, designated the offense a misdemeanor, and recalled the sentence.  The court then resentenced defendant to 365 days in county jail followed by a one-year term of parole.

On appeal, defendant contends the trial court erred by imposing a felony sentence because Proposition 47 operated retroactively to make his offense a misdemeanor before he was sentenced.  The Attorney General contends Proposition 47 did not retroactively make the offense a misdemeanor, and that this court would lack jurisdiction over an appeal of a misdemeanor conviction if Proposition 47 operated retroactively.

We requested supplemental briefing on the question of whether this appeal is moot. Having considered the parties' responses, we conclude we cannot provide the parties with practical, effectual relief. Accordingly, we will dismiss this appeal as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 2014, defendant stole an unattended wallet from a table at a McDonald's restaurant in Monterey.[1] The theft was captured on video. The victim reported losses valued at $105 in addition to the loss of an identification card and a debit card.

The prosecution charged defendant by information with one count of petty theft with three or more priors. (Pen. Code, §§ 484, subd. (a), 666.)[2] The information further alleged defendant had suffered a prior strike conviction and three prior prison terms. (§§ 667, subd. (d), 667.5, subds. (b) & (c), 1170.12, subd. (c)(1), 1192.7, subd. (c).)

On September 17, 2014, defendant pleaded no contest to the charged offense and admitted the prior strike allegation. At the sentencing hearing on December 3, 2014, defendant argued, "I believe that it would be an illegal sentence for the Court to impose [a] felony sentence, at this time, as this matter, I believe, should be designated a misdemeanor under the current language of Penal Code Section 484 and Penal Code Section 666." The court rejected this argument: "The Court does not find, based on the plain reading and the plain meaning of the language in the initiative, that the initiative is retroactive." The court then imposed a term of 32 months in state prison, equal to double the lower term of 16 months.

Defendant immediately petitioned for resentencing under section 1170.18. The trial court granted the petition, designated the offense a misdemeanor, and recalled the above sentence. The court then resentenced defendant to 365 days in county jail followed by a one-year term of parole.

---

[1] This statement of facts is taken from the probation report.

[2] Subsequent undesignated statutory references are to the Penal Code.

## II. DISCUSSION

Defendant contends the trial court erred by imposing a felony sentence because Proposition 47 applied retroactively to make his offense a misdemeanor under *In re Estrada* (1965) 63 Cal.2d 740. The Attorney General offers three arguments in response. First, based on the text and structure of the statute, she contends Proposition 47 did not operate retroactively to reduce defendant's offense to a misdemeanor. Second, she contends this court would lack jurisdiction over defendant's appeal of a misdemeanor conviction if Proposition 47 applied retroactively as he contends. Third, in response to our request for briefing, she contends defendant's appeal is moot.

A. *Legal Principles*

In November 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which reduced certain drug- and theft-related offenses to misdemeanors. The law took effect on November 5, 2014. As relevant here, the act amended section 666 to make petty theft with priors punishable solely as a misdemeanor except for certain categories of offenders.[3] Proposition 47 also created a new resentencing scheme for persons serving felony sentences for specified offenses made misdemeanors by the act. (§ 1170.18, subd. (a).) Under the resentencing scheme, a person currently serving a sentence for a felony conviction may petition for recall if the person would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense.

---

[3] Under section 666, subdivision (b), a court may still impose a state prison term for "any person who is required to register pursuant to the Sex Offender Registration Act, or who has a prior violent or serious felony conviction, as specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667, or has a conviction pursuant to subdivision (d) or (e) of Section 368." (§ 666, subd. (a) & (b).) Defendant is not such a person.

B. *The Appeal is Moot*

In response to our request for supplemental briefing on this issue, the Attorney General contends defendant's appeal is moot. Defendant contends his appeal is not moot because he may suffer unspecified collateral consequences at some time in the future. Furthermore, he contends this issue is a matter of continuing public interest that is likely to recur.

"A case is moot when the reviewing court cannot provide the parties with practical, effectual relief." (*City of San Jose v. International Assn. of Firefighters, Local 230* (2009) 178 Cal.App.4th 408, 417.) "When no effective relief can be granted, an appeal is moot and will be dismissed." (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1316.)

When defendant initially filed his appeal, he had served his time in custody but was still on parole. He contended that the court could not have placed him on parole if his offense was made a misdemeanor before sentencing. But during the pendency of this appeal, defendant successfully completed his term of parole. Accordingly, we requested supplemental briefing on the issue of mootness.

In response, defendant contends he may still face collateral consequences if this court does not grant relief. First, he contends his sentence may qualify as a prior prison term under section 667.5, subdivision (b) because the trial court imposed a 32-month prison term before recalling his felony sentence. However, as defendant acknowledges, subdivision (k) of section 1170.18 provides: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any

firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."[4] (§ 1170.18, subd. (k), italics added.)

Defendant also contends that some applicable statute could be enacted in the future that would further punish him based on this sentence, or that his sentence could be used to deny him probation. We think defendant's concerns in this regard are speculative. " '[A]s a general rule it is not within the function of a court to act upon and decide a moot question or speculative, theoretical, or abstract question or proposition, or a purely academic question, or to give an advisory opinion on such a question or proposition." (*Wilson v. Los Angeles County Civil Service Commission* (1952) 112 Cal.App.2d 450, 453, quoting 1 C.J.S., Actions, § 17a.)

Finally, defendant contends this appeal presents an important issue of continuing public interest that is likely to recur. (See *City of San Jose v. International Assn. of Firefighters*, *Local 230*, *supra*, 178 Cal.App.4th at p. 417 [even if a case is technically moot, the court has inherent power to decide it where the issues presented are important and of continuing interest].) The Attorney General contends the subset of persons in defendant's circumstances is small, and that the subset of such persons who could articulate some prejudice is even smaller. We agree with the Attorney General. The circumstances in this case arose during a unique and limited time period during which voters enacted Proposition 47 after the entry of defendant's plea but before the imposition of his sentence. Those circumstances will not occur again in the future, and the number of persons sentenced under those circumstances is likely to be small. Furthermore, the number of such persons who could articulate prejudice from the claimed error is likely to be even smaller.

---

[4] Defendant does not raise his right to own or possess firearms, presumably because he has suffered prior felony convictions.

For the reasons noted earlier, we cannot provide the parties with any practical, effectual relief.  Furthermore, this is not a matter of continuing public interest that is likely to recur.  We will therefore dismiss the appeal as moot.

### III.    DISPOSITION

The appeal is dismissed as moot.

_____
Márquez, J.

WE CONCUR:


_____
Rushing, P. J.



_____
Premo, J.