Filed 1/5/21  Pariset v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MICHELLE PARISET, | C092381 |
| Petitioner, | (Super. Ct. No. 34202000280755CUMCGDS) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| CITY OF SACRAMENTO et al, | |
| Real Parties in Interest. | |

The principal question in this case is whether an initiative entitled the Sacramento Community Stabilization and Fair Rent Charter Amendment (initiative) constitutes an impermissible revision or permissible amendment of the City of Sacramento's (City) charter.  The Sacramento County Superior Court (superior court) found the initiative impermissibly proposed to revise the City's charter, thereby excluding the initiative from the ballot for the November 3, 2020, election (election).  We stayed the superior court's order pending our consideration of the issue and directed the City to submit, and the Sacramento County Registrar to place, the initiative on the ballot for the election.  The

1

City and Sacramento County Registrar complied with our directive; the initiative was submitted to the voters.

On our own motion, we take judicial notice of Sacramento County's certified election results.[1] (Evid. Code, § 452, subd. (h); see *Deschene v. Pinole Point Steel Co.* (1999) 76 Cal.App.4th 33, 37, fn. 2 [taking judicial notice on own motion]; *Edelstein v. City and County of San Francisco* (2002) 29 Cal.4th 164, 171, fn. 3 [taking judicial notice of, among other things, election results].) The certified election results reveal the voters rejected the initiative by a vote of 60.39 percent against and 39.61 percent in favor of the initiative's passage.[2] We now dismiss the petition for writ of mandate as moot.

FACTUAL AND PROCEDURAL BACKGROUND

The City filed a complaint for declaratory relief against Michelle Pariset in the superior court, requesting a declaration relieving the City of its duty to place the initiative on the ballot for the election. The City asserted, among other things, the initiative would unlawfully revise the City's charter in violation of the California Constitution. Pariset, a proponent of the initiative, filed a cross-petition for writ of mandate against the City and its city council, seeking an order commanding the City and its city council to submit the initiative to the voters. The City moved for judgment on the pleadings as to its complaint.

The superior court granted the City's motion for judgment on the pleadings and denied Pariset's petition for writ of mandate. The superior court found "the Initiative seeks to substantially alter the City's existing governmental framework and balance of

---

[1]     The parties were advised of our intent to take judicial notice of the certified election results and were given a reasonable opportunity to meet the information and to present information as provided in Evidence Code sections 455, subdivision (a), and 459, subdivisions (c) and (d).

[2]     See https://eresults.saccounty.net/ [as of December 22, 2020], archived at <https://perma.cc/RM99-XM4E>.

2

power, and therefore is a proposed revision of the City Charter," which cannot be accomplished by initiative under article XI, section 3, subdivision (b), of the California Constitution. The superior court thus granted the City's request for a declaration relieving it of the statutory duty to place the initiative on the ballot.

Pariset filed a petition for writ of mandate in this court (petition) asserting: (1) the City has a mandatory duty under the Elections Code to submit the initiative to the voters; (2) the superior court impermissibly removed the initiative from the ballot prior to the election; and (3) the initiative would amend rather than impermissibly revise the City's charter. Pariset requested a stay of the superior court's order pending our review "due to the imminence of the ballot preparation deadlines for the forthcoming November 2020 General Election."

We issued an order staying the superior court's order and directing the City to immediately submit, and the Sacramento County Registrar to place, the initiative on the ballot for the election. We concluded: "[T]he superior court erred to the extent it found the City made a sufficient showing for purposes of pre-election relief that the initiative should be excluded from the ballot. (*Independent Energy Producers Assn. v. McPherson* (2006) 38 Cal.4th 1020, 1024, 1029-1030 (*Independent Energy Producers*).) There is no clear authority in existing law which compels the result the superior court reached here, nor that otherwise compels a decision in favor of the City." We further explained: "We do not and need not hold today that the superior court's ultimate conclusion is wrong. But [Pariset] presents arguments warranting careful consideration by this court that the initiative can be considered an amendment rather than a revision to the charter and that the substantial legal questions presented by this case should not and need not be resolved prior to the election. '[B]ecause this type of challenge is one that can be raised and resolved after an election, deferring judicial resolution until after the election -- when there will be more time for full briefing and deliberation [is] the wiser course.' (*Independent Energy Producers*, *supra*, 38 Cal.4th at pp. 1029-1030.)"

3

Contemporaneous with the directive order, we issued an order to show cause why the relief sought by Pariset should not be granted.

The City and Sacramento County Registrar complied with our directive and the initiative was submitted to the voters as Measure C on the ballot. The pertinent parties further filed briefs in response to our order to show cause.

After the election, the uncertified election results indicated the initiative had failed to pass. We asked the parties to address, in supplemental letter briefs, whether the petition should be dismissed as moot if the certified election results confirmed that the voters rejected the initiative. The City answered the question in the affirmative. Pariset agreed the petition would be moot but requested that we reach the merits of her petition under the public interest exception to the mootness doctrine.

The certified election results showed the initiative failed to pass.

DISCUSSION

"A case is moot when the reviewing court cannot provide the parties with practical, effectual relief." (*City of San Jose v. International Assn. of Firefighters, Local 230* (2009) 178 Cal.App.4th 408, 417.) "Generally, courts decide only 'actual controversies' which will result in a judgment that offers relief to the parties. [Citations.] Thus, appellate courts as a rule will not render opinions on moot questions: '[W]hen, pending an appeal from the judgment of a lower court, and without fault of the [respondent], an event occurs which renders it impossible for [the reviewing court] if it should decide the case in favor of [appellant], to grant [appellant] any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. [Citations.]' [Citations.] The policy behind this rule is that courts decide justiciable controversies and will normally not render advisory opinions." (*Ebensteiner Co., Inc. v. Chadmar Group* (2006) 143 Cal.App.4th 1174, 1178-1179.) However, if a pending case poses an issue of continuing public interest that is likely to recur, we may exercise our discretion to resolve that issue even though an event occurring during its pendency would

4

normally render the matter moot. (*Ballard v. Anderson* (1971) 4 Cal.3d 873, 876.) We may also exercise our discretion to decide an issue if it presents a question " ' "capable of repetition, yet evading review." ' " (*Horneff v. City and County of San Francisco* (2003) 110 Cal.App.4th 814, 818.)

The City and Pariset agree the voters' defeat of the initiative renders the petition moot. Pariset further acknowledges that whether the initiative constituted a permissible charter amendment, or an impermissible charter revision, is a fact-specific inquiry applied on a case-by-case basis and generally deemed inappropriate for further consideration in a moot case, such as here. (See, e.g., *MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 215; *Giles v. Horn* (2002) 100 Cal.App.4th 206, 228.) She asserts, however, that we should exercise our discretion under the public interest exception to the mootness doctrine and posits this issue is likely to recur in the future. The City disagrees and asserts the public interest exception to the mootness doctrine is inapplicable because cases applying the exception to election cases "deal with *pre-election rules or mechanics*, not the underlying substance of the measure," as here.

Pariset asks us to "issue an opinion explaining the reasoning for [our] prior decision staying the Superior Court's judgment and directing the City to submit [her] initiative to the voters" because such a published opinion "would provide useful guidance on the circumstances under which preelection relief is warranted for a challenge to an initiative on the ground that it proposes an impermissible charter revision, as well as on the substantive distinction between a charter revision and an amendment." Pariset also requests that we "provide future guidance on the issue of what *preelection* showing is needed to remove a qualified initiative from the ballot on the asserted ground that it constitutes an unconstitutional charter revision" and states we "may also wish to exercise [our] discretion to address whether the proposed rent control measure in the present case constitutes a permissible charter *amendment* or an impermissible charter *revision*."

5

We are unpersuaded by Pariset's arguments and decline to exercise our discretion to resolve the moot questions presented here.  Our prior order explained that we applied existing Supreme Court precedent to conclude "the superior court erred to the extent it found the City made a sufficient showing for purposes of pre-election relief that the initiative should be excluded from the ballot."  (Citing *Independent Energy Producers*, *supra*, 38 Cal.4th at pp. 1024, 1029-1030.)  We further noted that Pariset presented arguments "warranting careful consideration" as to the fact-specific inquiry of whether the "initiative can be considered an amendment rather than a revision to the charter."  We see no reason to issue a published opinion further explaining the basis for our order.

As Pariset acknowledges, this case turns on whether the initiative constitutes a revision or amendment of the City's charter.  The inquiry is fact specific as to the language of *this* initiative and *this* city's charter.  It is not, for example, a matter of election procedures likely to recur in the future.  In short, given the fact-driven nature of the issue presented, it is unlikely that our resolution of Pariset's petition would provide much needed guidance for the orderly administration of justice in the future.  (*In re Williams M.* (1970) 3 Cal.3d 16, 25.)  We thus dismiss the petition as moot.

## DISPOSITION

On our own motion, the petition is dismissed as moot.  The parties shall bear their own costs in this writ proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(B).)

/s/_____
Robie, Acting P. J.

We concur:


/s/_____
Murray, J.


/s/_____
Krause, J.

6