Filed 11/26/24  Sanchez v. Public Employment Relations Board CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PAUL SANCHEZ,<br><br>    Petitioner,<br><br>    v.<br><br>PUBLIC EMPLOYMENT RELATIONS BOARD,<br><br>    Respondent;<br><br>ORANGE COUNTY EMPLOYEE ASSOCIATION,<br><br>    Real Party in Interest. | G062983<br><br>(PERB Case No. LA-CO-254-M)<br><br>O P I N I O N |

ORIGINAL PROCEEDINGS in mandate.  Petition denied. Motion to Supplement the Record denied.

Paul Sanchez, in pro per.

J. Felix De La Torre, General Counsel, Mary Weiss, Deputy General Counsel, Laura Z. Davis and Christina M. Nielsen for Respondent.

Tia N. Grasso, General Counsel, for Real Party in Interest.

\* \* \*

Paul Sanchez filed a petition for extraordinary relief (Gov. Code, § 3509.5[1]; Cal. Rules of Court, rules 8.498 and 8.728) from the Public Employment Relations Board's (PERB's) dismissal of his unfair practice complaint against his union, Orange County Employee Association (OCEA). Sanchez contends the PERB (1) failed to consider his claims together under a cumulative theory of liability; (2) failed to make a finding that an OCEA manager lied during the hearing on his complaint; and (3) improperly imposed additional elements of reliance and proximate causation on his misrepresentation claim. Because Sanchez's claims lack merit, we deny the petition.

# I

## PROCEDURAL HISTORY

### A. *Administrative Complaint*

On January 17, 2020, Sanchez filed an unfair practice complaint against OCEA with PERB pursuant to the Meyers-Milias-Brown Act (MMBA), § 3500 et seq. In his administrative complaint, Sanchez charged OCEA with breaching its duty of fair representation by: (1) providing inadequate information and insufficient time for members to make an informed decision before voting to ratify a proposed collective bargaining agreement; and (2) keeping voting results secret from members. As to the

---

[1] All further statutory references are to the Government Code, unless stated otherwise.

2

former, Sanchez alleged OCEA gave members five days to consider the tentative agreement, less than one day's notice of two general meetings, and did not provide a copy of the tentative agreement, but instead provided a two-page summary and video that did not sufficiently describe the agreement. As to the latter, Sanchez alleged that after being informed the agreement was ratified, he requested the results of the ratification vote four times, but was denied each time. He was only informed a majority of members voted to ratify the agreement.

In response, OCEA did not dispute the general factual allegations, but argued the unfair practice charge concerned "internal union affairs," which are generally left to the discretion of the union. OCEA stated it provided a reasonable period for the ratification vote based on the timeline of the Orange County Board of Supervisors, who needed to adopt the proposed agreement. OCEA also claimed it provided members with "thorough and clear information about the tentative agreement." (Capitalization and boldface omitted.) It e-mailed links to a flyer and video presentation describing the agreement, conducted two general meetings, and had OCEA staff available to respond to questions. Finally, OCEA explained it had a long-standing policy not to release specific voting results because that information could affect future negotiations.

On April 1, 2020, Sanchez filed an addendum to his unfair practice complaint, attaching correspondence between him and OCEA staff. Sanchez also argued, among other things, that the healthcare/vacation provisions in the tentative agreement significantly differed from the description in the two-page summary and video provided before the ratification vote.

B. *Hearing and Ruling*

The PERB held a 2-day hearing on Sanchez's unfair practice complaint on February 28 and March 1, 2022. An administrative law judge (ALJ) conducted the hearing virtually due to the COVID-19 pandemic. At the hearing, Sanchez testified. The current OCEA general manager Charles Barfield, the former OCEA general manager Nick Berardino, current OCEA board member Elizabeth Cooper-Butler, former OCEA board member Patricia Hernandez, current OCEA President Lezlee Neebe, and OCEA General Counsel Don Drozd all testified.

Following the hearing, the ALJ issued a 133-page written Proposed Decision. In the Proposed Decision, the ALJ summarized the testimony and evidence presented at the hearing, and made factual findings and legal conclusions. The ALJ dismissed the unfair practice charge on several grounds. The ALJ first determined that Sanchez could not assert a claim on behalf of other union members because Sanchez is the only complainant named in the administrative complaint, and he is not an authorized representative for other members. As to the allegations that OCEA provided only five days to consider and vote on the tentative agreement and less than one day's notice of two general meetings, the ALJ concluded the allegation involved "purely internal union affairs over which PERB does not have subject matter jurisdiction." Similarly, the allegations relating to OCEA's post-ratification conduct in denying Sanchez's requests for specific vote results involve "purely internal union matters with no substantial impact on the employment relationship."

As to the allegations that "OCEA deliberately mis[led] or omitted material facts from its ratification materials to secure ratification of the 2019 Tentative Agreement," "[e]ven crediting Sanchez's arguments that OCEA's

4

two-page summary and accompanying video contain numerous misstatements and omissions about the provisions of the Tentative Agreement or the transition from Annual Leave to Vacation and Sick Leave, and further crediting his contention that such misstatements and omissions were deliberate or made in reckless disregard for the truth, there is no competent, credible, and persuasive evidence in the record to show that Sanchez reasonably relied on any alleged misrepresentations or material omissions because Sanchez admitted that he voted *against* ratification. There is likewise no evidence to prove the element of causation with respect to any alleged injuries suffered by Sanchez." Specifically, Sanchez produced no admissible evidence that: (1) any other employee detrimentally relied on the alleged misstatements and omissions in OCEA's materials; or (2) the results of the ratification vote would have been different. The ALJ thus concluded the entire administrative charge should be dismissed.

Sanchez appealed, filing a "statement of exceptions." In his statement of exceptions, Sanchez argued the ALJ improperly excluded an exhibit showing OCEA violated its duty of fair representation to another union member in its handling of her grievance. Sanchez also argued the ALJ should have determined whether OCEA general manager Barfield had lied about using the County's work e-mail to send information to union members only one time, when the evidence showed he sent three e-mails, and lied about the new hire accrual of vacation hours in the tentative agreement. Finally, Sanchez argued the ALJ misinterpreted or misapplied the internal union affairs doctrine. He further argued that his claims should be viewed together as one single claim under a cumulative theory of liability. Specifically, the short time to review material before the ratification vote, the

5

misleading information, and the secrecy about the ratification vote combined to deprive Sanchez of fair representation.

The PERB rejected Sanchez's exception, concluding, following de novo review, that the ALJ's proposed decision addressed the arguments raised in the exceptions or that the arguments did not affect the outcome of the case. The PERB adopted the Proposed Decision and dismissed the unfair practice charge.

Sanchez filed a request for consideration, arguing the PERB's decision failed to consider all facts, evidence and legal arguments. In connection with his motion for reconsideration, Sanchez sought to submit a Universal Serial Bus (USB) drive containing a recording of the virtual hearing before the ALJ.

The PERB rejected the USB drive as not containing any part of the administrative record. It later denied the request for reconsideration, concluding the request largely asserts conclusory argument about previously decided issues.

On August 11, 2023, Sanchez filed a petition for extraordinary relief. He argued: (1) the PERB decision "did not adequately evaluate [his] cumulative theory of liability"; (2) the PERB failed to make findings of fact on whether OCEA general manager Barfield lied; and (3) the decision improperly required him to show detrimental reliance and proximate causation for his misrepresentation claim "which prevented [him from] being able to prove his case that OCEA violated" its duty of fair representation.

II

DISCUSSION

A. *Applicable Law*

The MMBA "governs collective bargaining and employer-employee relations for most California local public entities, including cities, counties, and special districts." (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1077.) "Effective July 1, 2001, . . . the Legislature vested the [PERB] with exclusive jurisdiction over alleged violations of the MMBA." (*Ibid.*, fn. omitted.) "Where PERB has exclusive initial jurisdiction, the courts retain 'only appellate, as opposed to original, jurisdiction to review PERB's decisions.' [Citations.]" (*City of San Jose v. International Assn. of Firefighters, Local 230* (2009) 178 Cal.App.4th 408, 414.)

"'[T]he relationship of a reviewing court to an agency such as PERB, whose primary responsibility is to determine the scope of the statutory duty to bargain and resolve charges of unfair refusal to bargain, is generally one of deference' [citation], and PERB's interpretation will generally be followed unless it is clearly erroneous. [Citations.]'" (*Banning Teachers Assn. v. Public Employment Relations Bd.* (1988) 44 Cal.3d 799, 804-805.) "[W]hen the matter falls within PERB's area of expertise, the deferential standard outlined above applies to its legal determinations even if based on undisputed facts." (*Boling v. Public Employment Relations Bd.* (2018) 5 Cal.5th 898, 913.) As to factual findings, the MMBA provides: "The findings of the board with respect to questions of fact, including ultimate facts, if supported by substantial evidence on the record considered as a whole, shall be conclusive." (§ 3509.5, subd. (b).) "Accordingly, in reviewing PERB's findings "'we do not reweigh the evidence. If there is a plausible basis

7

for the Board's factual decisions, we are not concerned that contrary findings may seem to us equally reasonable, or even more so. [Citations.] We will uphold the Board's decision if it is supported by substantial evidence on the whole record.'" [Citations]" (*Boling*, *supra*, 5 Cal.5th at p. 912.)

Sanchez filed an unfair practice charge based on OCEA's alleged violation of its duty of fair representation. Unions under the MMBA, as exclusive representatives, "owe a duty of fair representation to their members, and this requires them to refrain from representing members arbitrarily, discriminatorily, or in bad faith." (*Hussey v. Operating Engineers Local Union No. 3* (1995) 35 Cal.App.4th 1213, 1219.) In determining the scope of this duty of fair presentation, the PERB has concluded that an exclusive representative's duty of fair representation generally does not extend to matters that "do not directly involve the employer or which are strictly internal union matters." (*SEIU Local 99* (*Kimmett*) (1979) PERB Dec. No. 106.) PERB "traditionally has refused to interfere in the internal union affairs of an employee or organization unless those affairs impact the member's relationship with his/her employer." (*California School Employees Association & Its Chapter 36* (*Peterson*) (2004) PERB Dec. No. 1733.)

B. *Analysis*

The PERB rejected Sanchez's unfair practice complaint against OCEA on several grounds. First, it limited Sanchez's claims to personal claims, concluding he lacked standing to assert the claims on behalf of other union members. Second, it concluded that aside from the claims relating to allegedly misleading informational materials, the claims involving OCEA's conduct before and after the ratification vote concerned internal union affairs over which the PERB lacked subject matter jurisdiction. Finally, as to the claims concerning the informational materials, even assuming those

8

materials contained misleading information about the vacation or healthcare leave accrual, Sanchez failed to meet his burden of proof on the elements of detrimental reliance and proximate causation.

On appeal, Sanchez does not dispute his lack of representative standing. He asserts, without any reasoned argument, that his personal standing conferred him "standing to assert rights on behalf of employees." PERB precedent is to the contrary. (*California Union of Safety Employees (Trevisanut)* (1993) PERB Dec. No. 1029-S ["only named parties should be granted a remedy"].) Sanchez does not explain why his case should be an exception. Accordingly, he waives any claim that OCEA's conduct harmed other union members. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

Sanchez also does not dispute the PERB's determination that OCEA's pre- and post- ratification vote conduct, aside from the preparation and dissemination of informational materials, are internal union affairs over which the PERB lacked subject matter jurisdiction. Rather, he argues that conduct should be considered as part of his cumulative theory of liability. He acknowledges that under his theory, "allegations that arguably relate to the alleged pattern or practice at issue should be considered together rather than separately." (Boldface and underscoring omitted.) (See also *San Francisco Classroom Teachers Association (Bramell)* (1984) PERB Dec. No. 430 [concluding that although each action of a union, by itself, would not breach the union's duty of fair representation, "in their totality, the [union's] actions present a pattern demonstrating, at a minimum, an arbitrary failure to fairly represent" the employee].) Sanchez does not persuade us that OCEA's pre-

9

and post- ratification vote conduct relate to the claim that OCEA induced the members to ratify the tentative agreement via misrepresentations. The record shows the short period between the notice of the ratification vote and the actual vote was based on the timing of negotiations, especially when the Orange County Board of Supervisors would meet to approve the tentative agreement. The failure to provide specific information about the ratification vote was based on prudential concerns about future negotiations. In any event, as discussed below, even if the OCEA's conduct were considered as part of the misrepresentation claim, that claim would still fail.

Similarly, Sanchez does not argue the factual findings that were made are not supported by substantial evidence. Rather, he argues the PERB should have made additional factual findings. Specifically, he contends the PERB should have found the information materials were misleading and that OCEA general manager Barfield lied about his use of the county e-mail system and his knowledge about the annual and healthcare leave accrual. Because those facts are not necessary to the OCEA's resolution of Sanchez's complaint, the PERB's failure to make findings on those facts did not constitute reversible error.[2]

Sanchez contends that procedural due process requires the OCEA to make those factual findings. As Sanchez acknowledges, procedural due process requires only "a fair and meaningful opportunity to be heard." Sanchez does not argue he was denied his right to make arguments to the

_____

[2] Because it is unnecessary for resolution of the unfair practice complaint to find that OCEA general manager Barfield did or did not lie, we deny Sanchez's motion to supplement the record to include the videorecording of the virtual hearing, which Sanchez made without notice to any of the other recorded parties.

PERB. He merely disputes how the PERB addressed his arguments. However, he does not cite—and we are unaware of any legal precedent—requiring the PERB to respond to each and every argument raised by a complainant. Here, the PERB considered and rejected his general claim that OCEA breached its duty of fair representation to him during the ratification vote. There was no denial of procedural due process.

Finally, Sanchez argues the PERB improperly required that he prove detrimental reliance and proximate causation on his claim for breach of the duty of fair representation based on misrepresentations. We disagree because under the PERB precedent, detrimental reliance and proximate causation are elements of his misrepresentation claim. In cases where a union misrepresents a contractual provision to secure ratification, a complainant must show "the employees reasonably relied on the misrepresentation in deciding whether to vote for ratification and . . . a causal relationship existed between the misrepresentation and the injury to the employee." (*California State Employees' Association* (*O'Connell)* (1986) PERB Dec. No. 596-H; cf. *Acri v. International Ass'n of Machinists & Aerospace Workers* (9th Cir. 1986) 781 F.2d 1393, 1397 ["Although the duty of fair representation extends to misrepresentations during ratification, plaintiffs must establish a causal relationship between the alleged misrepresentations and their injury. [Citations.] In this context causation would be established by proof that (1) the vote to ratify would have been different had the misrepresentations not been made; and (2) that the company would have acceded to union demands had the vote been different"].) Sanchez does not dispute he voted against the tentative agreement notwithstanding the alleged misrepresentations. He also presented no admissible evidence that other union members voted for or

11

against the agreement because of the alleged misrepresentations. Thus, he cannot show detrimental reliance. Moreover, OCEA's pre- and post-ratification vote conduct does not affect the lack of detrimental reliance. In sum, the PERB properly concluded the misrepresentation claim must be dismissed for lack of proof.

## III

### DISPOSITION

The petition is denied. Respondent and Real Party in Interest shall recover their costs on appeal.

DELANEY, J.

WE CONCUR:

GOETHALS, ACTING P.J.

MOTOIKE, J.

12